O’NIELL, Chief Justice.
 

 The plaintiff, Justin C. Daspit, who is an attorney at law, represented the collector of revenue in a suit in which he obtained for the State a judgment against the Sinclair Refining Company for a large sum of money for delinquent gasoline taxes, including the attorney’s fee of 10 per cent allowed by the tax statutes. See State v. Sinclair Refining Co., 195 La. 288, 196 So. 349. Daspit brought this suit to enjoin the Sinclair Refining Company from paying the 10 per cent attorney’s fee to the director of revenue, who is the successor in office of the collector of revenue, and to compel the Sinclair Refining Company to pay the fee to him, Daspit. The reason why he deemed this proceeding necessary to protect his interest individually was that he was relieved of his appointment as a special assistant attorney general by the newly elected attorney general, and was relieved of his employment as an attorney for the department of revenue by the newly appointed collector of revenue, now called director of revenue, after this court had rejected an application for a rehearing in the case of State v. Sinclair Refining Company but while the case was pending on appeal to the Supreme Court of the United States. The petition to this court for a rehearing was denied on May 8, 1940; Daspit went out of office, without blame or desire on his part, on June 15, 1940; and the Supreme Court of the United States dismissed the appeal of the Sinclair Refining Company on October 14, 1940. See Sinclair Refining Company, Appellant, v. State of Louisiana, 311 U.S. 609, 61 S.Ct. 39, 85 L.Ed. 386. Daspit then feared that the whole amount of the judgment, including the 10 per cent attorney’s fee, would be paid to the director of revenue and that he would pay it to the state treasurer, who would credit it to the general fund. If that had taken place Daspit, of course, could not have collected the attorney’s fee without being authorized by an act of the Legislature to sue the State. Hence this suit for an injunction.
 

 The suit was brought originally against the Sinclair Refining Company only. Daspit asked for and obtained a rule on the defendant to show cause why a preliminary injunction should not be granted. The defendant filed an exception of nonjoinder; and in response Daspit filed a supplemental petition asking for the rule to be served also upon Fred A. Blanche and E. Leland Richardson, whose names had appeared on the briefs along with the name of Daspit, as special assistant attorneys general and as representing the plaintiff in the case of State v. Sinclair Refining Company. Daspit in his supplemental petition prayed also for service of the rule upon a former attorney general whose name appeared on the briefs as representing the State in the State’s case against the Sinclair Refilling Company. Daspit in his supplemental petition prayed also for service of the rule upon the newly appointed director.of reve
 
 *20
 
 nue. The latter also filed an exception of nonjoinder; and in response Daspit filed another supplemental petition and prayed for service of the rule upon two other former attorneys general, who were in office at times while the case of the State against the Sinclair Refining Company was pending, and whose names appeared on one or more of the briefs for the State in that case. The three ex-attorneys general, answering the rule, disclaimed having any interest in the fee claimed by the plaintiff. The plaintiff had alleged in his petition that, although the names of the three ex-attorneys general and the name of E. Leland Richardson as special assistant attorney general appeared on the record and on the briefs as attorneys for the collector of revenue in the suit in which the State obtained the judgment against the Sinclair Refining Company, the entering of their names on the record and on the briefs for the State was “purely complimentary” and that they did not render any service in the suit and were not entitled to share in the 10 per cent attorney’s fee.
 

 Daspit alleged in his original petition in this suit that Fred A. Blanche, whose name appeared on the record and on the briefs as one of the three special assistant attorneys general representing the State in the suit against the Sinclair Refining Company, did render professional services and assistance to him, Daspit, in the prosecution of the State’s suit against the Sinclair Refining Company, and therefore that Blanche was entitled to share the 10 per cent attorney’s fee equally with him, Daspit. Blanche, in his answer to the rule to show cause why Daspit should not be granted a preliminary injunction against the Sinclair Refining Company, consented that Daspit should continue to prosecute the suit for the joint account of himself and Blanche, and admitted that he, Blanche, would be bound by any judgment that might be rendered against Daspit. Blanche, therefore, by his answer to the rule was eliminated as a party to the suit.
 

 E. Leland Richardson, answering the rule to show cause why a preliminary injunction should not be granted, and expressly “reserving all rights to answer further on the merits”, alleged certain facts which if proved would entitle him to a share of the 10 per cent attorney’s fee, if, as a matter of law, Daspit was entitled to a share of it. At the same time Richardson expressed his opinion that as a matter of law none of the three special assistant attorneys general who represented the State in the suit against the Sinclair Refining Company was entitled to any part of the 10 per cent attorney’s fee. He averred that at the time when the suit was filed, on ^December 31, 1938, they who composed the staff of attorneys employed by the department of revenue, and who were commissioned for that purpose as special assistant attorneys general, were Daspit, Blanche and himself, E. Leland Richardson; and that each one of them was paid a monthly salary for his professional services. He averred that before the suit for delinquent taxes was filed against the Sinclair Refining Company the prospective litigation was discussed by all of the three attorneys representing the department of revenue, although the petition which was filed was written by Das
 
 *22
 
 pit. He averred that the collector of revenue who was serving ’on December 31, 1938, when the suit was filed, was succeeded in office by W. A. Cooper on or about February 2, 1939, and that, on February 6, only 36 days after the suit was filed, Cooper appointed him, E. Leland Richardson, general counsel for the department of revenue, and informed him and Daspit and Blanche that Richardson was to pass upon all questions of law arising in the department, and was to direct the policy of the department in all of its legal proceedings. Richardson averred that Cooper, as collector of revenue, held him, Richardson, responsible and accountable for the work of the attorneys for the department of revenue from the 6th of February, 1939, to the 1st of July, 1940, when Cooper’s successor in office was appointed; and that he, Richardson, was retained as general counsel for the department of revenue by the newly appointed collector of revenue, now called director of the department of revenue. Richardson averred that the staff of attorneys for the department of revenue was under the supervision of the attorney general at all times during the pendency of the 'suit in which the State obtained the judgment for delinquent taxes, and before and after that period. Richardson averred that he alone prepared and filed in the Supreme Court of the United States the motion to dismiss the appeal of the Sinclair Refining Company; that the motion was filed after Daspit and Blanche had ceased to be special assistant attorneys general or to represent the department of revenue; and that if his efforts to have the appeal of the Sinclair Refining Company dismissed by the Supreme Court of the United States had not been successful there would have been a possibility of a reversal of the judgment which the State had obtained for the delinquent taxes, including the 10 per cent attorney’s fee claimed by Daspit in this suit. But Richardson averred that, notwithstanding the services which he had rendered to the department of revenue in the case of the State against the Sinclair Refining Company, he had not claimed and was not claiming the
 
 attorney’s fee in
 
 contest in this suit, for the reason that he had been and was yet of the opinion that the monthly salary which was paid to him by the department of revenue included compensation for the professional services rendered by him in the suit against the Sinclair Refining Company, as well as in all other legal matters affecting ■ the department of revenue. Wherefore he prayed merely for a denial of the preliminary injunction asked for by Daspit, and for general and equitable relief.
 

 The director of the department of revenue filed an exception to the rule to show cause why a preliminary injunction should not be granted to Daspit. The substance of the exception was that Daspit had a remedy at law, and could not suffer irreparable injury if he failed to obtain a writ of injunction, because he had the right to sue the Sinclair Refining Company for the fee, or for damages, if the company should pay to the director of revenue the amount of the judgment, including the 10 per cent attorney’s fee; and that Daspit had a remedy even by attach
 
 *24
 
 ment of the property of the refining company, which was a foreign corporation. Answering the rule to show cause why a preliminary injunction should not be granted the director admitted all of the material allegations in Daspit’s petition but averred that the 10 per cent attorney’s fee belonged to the State, for account of the revenue department, and not to Daspit or to any other of the assistant attorneys general who represented the State in the suit against the Sinclair Refining Company. In that connection the director pleaded that the judgment rendered in favor of the State for the 10 per cent attorney’s fee, in addition to the amount of the taxes, interest and penalty of 20 per cent, was a final judgment, and was not subject to attack or to amendment in any way, and that the State’s right to collect and retain the 10 per cent attorney’s fee was therefore res judicata. The director pleaded that, inasmuch as Daspit was employed regularly by the department (of revenue at á salary of $416.66 per month when he filed the suit against the Sinclair. Refining Company for the delinquent taxes, which salary was increased to $500 per month while the suit was pending, it would be violative of public policy and contrary to law, specifically, Section 3 of Article IV of the Constitution, and Section 2 of Act No. 125 of 1912, and Act No. 9 of the Third Extra Session of 1934, for Daspit to receive a fee or other extra compensation for the services which he rendered in the suit against the Sinclair Refining Company.
 

 The Sinclair Refining Company, in response to the rule to show cause why a preliminary injunction should not be granted, adopted all of the pleas and defenses which were urged by the director of revenue against Daspit; but pleaded also that the director of revenue had no right to collect the fee for the State without devoting it to the payment of an attorney’s fee, and that, inasmuch as it would be contrary to public policy and against the law to pay the fee to Daspit, no one should be allowed to collect it from the Sinclair Refining Company. To this the director of revenue pleaded that the right of the State to collect the 10 per cent attorney’s fee was settled finally by the judgment against the Sinclair Refining Company, and was therefore res judicata.
 

 The judge, after hearing the evidence on the rule to show cause, granted the preliminary injunction. Thereafter the Sinclair Refining Company and the director of revenue filed their exceptions and answer to the suit on its merits, adopting virtually the same pleas and defenses which they had urged in response to the rule to show cause.
 

 E. Leland Richardson, in his answer to the suit on its merits, repeated the allegations which he had made in his answer to the rule to show cause; and he repeated that the reason why he was not claiming a part of the 10 per cent attorney’s fee was that it was his opinion, as a matter of law, that he and the two other special assistant attorneys general who represented the State in the suit for the tax, being all-time employees of the department, under monthly salaries, were not entitled to the 10 per cent attorney’s fee as extra compensation. He averred, however, that, if it should be
 
 *26
 
 held that Daspit and Blanche were entitled to share the 10 per cent attorney’s fee, so was he, Richardson, entitled to an equal share, or one third, of the fee. Hence he prayed, primarily, that his original position and opinion should be maintained, but, in the alternative, that, if the court should hold that his opinion on the subj ect was not sound in law, then that he should have judgment for a third of the 10 per cent attorney’s fee.
 

 On the hearing of the case on its merits it was agreed by all parties that the evidence adduced on the trial of the rule to show cause should be considered as evidence on the merits of the case. But, when Richardson offered evidence to sustain his alternative demand for a third of the 10 per cent attorney’s fee, Daspit objected to the introduction of any such evidence on the ground that Richardson had confessed judicially that he was not entitled to a share of the fee. The Sinclair Refining Company and the director of revenue objected to the introduction of any evidence to sustain Richardson’s alternative demand, on the same grounds which they had urged in defense of Daspit’s demand. The judge maintained Daspit’s objection that Richardson had confessed judicially that he was not entitled to a share of the 10 per cent attorney’s fee, and the judge therefore excluded all evidence tendered by Richardson to sustain his alternative demand. The judge gave judgment for Daspit and against the Sinclair Refining Company and the director of revenue for the 10 per cent attorney’s fee, and perpetuated the injunction, and rejected Richardson’s alternative demand for a third of the fee. The Sinclair Refining Company and the director of revenue and Richardson are appealing from the decision.
 

 Daspit relies upon the statutes on which the suit of the State against the Sinclair Refining Company was founded, and upon the doctrine of the decision in the case of Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833. The statutes referred to indicate that a delinquent tax debtor is, not liable for the 10 per cent attorney’s fee except in cases where an attorney is employed to assist in collecting the delinquent tax. In section 8 of Act No. 6 of the Extra Session of 1928, p. 18, it is provided: “the tax debtor shall be subject to penalties as follows: Two (2%) per cent per month on the amount of the tax, and ten per cent (10%) attorney’s fees on both the tax and penalties in all cases wherein the attorney is called on to assist in the collection.” And in Section 15 of Act No. 15 of the First Extra Session of 1934, p. 58, and in Section 8 of Act No. 87 of 1936, p. 264, it is declared:
 

 “That the tax provided for by this Act having become delinquent as provided herein, as a penalty for delinquency, the tax debtor shall be subject to penalties as follows :
 

 “Twenty percent (20%) on the amount of the tax and ten percent (10%) attorney’s fees on both tax and penalties in all cases wherein an attorney is called on to assist in the collection.”
 

 Perhaps this provision in the statutes, that a delinquent tax debtor shall be liable for the attorney’s fee of 10 per cent “in all cases wherein an attorney is called
 
 *28
 
 on to assist in the collection” of the tax, should be construed with reference to the provision in the statutes authorizing the collector of revenue, formerly the supervisor of public accounts and now the director of revenue, to employ private counsel to represent him in any proceeding in which he sees fit to employ private counsel. This provision appears in Section 4 of Act No. 6 of the Extra Session of 1928 as amended by Act No. 34 of 1934, pp. 208, 212, and in Section 14 of Act No. 15 of the First Extra Session of 1934, known as the kerosene tax statute, p. 58, and in Section 4 of Act No. 87 of 1936, called the parish gasoline tax statute, p. 256, thus:
 

 “The Supervisor of Public Accounts [now the director of revenue] is hereby authorized to employ private counsel to represent him in any proceeding under this Act that he may deem advisable.”
 

 If the Sinclair Refining Company had challenged the right of the collector of revenue to claim the 10 per cent attorney’s fee in the suit where the collector did not employ “private counsel” to represent him, but was represented by special assistant attorneys general, employed under a monthly salary by the department of revenue, it would have been very doubtful whether the Sinclair Refining Company should be condemned to pay the 10 per cent attorney’s fee. It is not unlikely, though, that, if the Sinclair Refining Company had urged that defense against the claim for the 10 per cent attorney’s fee, the collector of revenue would have “deemed advisable” the employment of private counsel to prosecute the suit for the delinquent taxes; in which event the Sinclair Refining Company might have gained nothing by objecting to the collector’s being represented by special assistant attorneys general. There is no occasion for deciding now what the consequence would have been if the Sinclair Refining Company had set up in the original suit, as a defense against the State’s demand for the 10 per cent attorney’s fee, that the collector had not employed private counsel to institute or prosecute the suit but was represented by the regularly employed assistant attorneys general; for the obligation of the Sinclair Refining Company to pay the 10 per cent attorney’s fee is now res judicata.
 

 '■[4] It is not so, however, with regard to the obligation of the director of revenue to allow the 10 per cent attorney’s fee to be retained by the attorney or attorneys who obtained the judgment for the State against the Sinclair Refining Company. There was no issue tendered, nor occasion for the issue to arise, in the case of the State against the Sinclair Refining Company, as to whether the 10 per cent attorney’s fee should be retained by the attorney or attorneys who obtained the judgment for the delinquent taxes, or should be paid over by the director of revenue to the state treasurer to be by him credited to the general fund.
 

 We concur in the opinion of the judge of the district court that the 10 per cent attorney’s fee should not be retained by the director of revenue, or be paid by him to the state treasurer, but should be paid to the attorney or attorneys who obtained the judgment for the delinquent tax
 
 *30
 
 es. It is too late to consider the question whether the collector of revenue should have employed “private counsel”, instead of allowing the regularly-employed special assistant attorneys general, to obtain -the judgment for the 10 per cent attorney’s fee, together with the delinquent taxes and the 20 per cent penalty. According to our interpretation of the statutes which we have quoted, and according to the doctrine of the decision in the case of Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833, when the plaintiff in a suit enforces an obligation upon the defendant to pay a stipulated fee, as an attorney’s fee for obtaining the judgment against the defendant, the plaintiff owes the fee to the attorney or attorneys who obtained the judgment. The plaintiff in such a case has no right to retain the attorney’s fee for himself unless perhaps he is licensed to practice law. It is argued in the brief for the director of revenue in this case that the decision in the Foundation Finance Company’s case was not in line with the decision in Renshaw v. Richards, 30 La.Ann. 398, or with the decision in First National Bank v. Mayer, 129 La. 981, 57 So. 308. These former decisions were not overlooked but were referred to in the opinion rendered in the Foundation Finance Company’s case. The Renshaw case was an appeal from an order of seizure and sale in an executory proceeding; and one of the questions was whether there was authentic evidence that the stipulated 5 pér cent attorney’s fee had been either paid or incurred by the holder of the note. The ruling, as we interpret it, was that the fact that an attorney at law had instituted the executory proceeding was sufficient proof that the fee, which was fixed in the authentic act, was actually incurred. When the court said that the attorney’s fee which the mortgagor was obliged to pay was fixed at 5 per cent without reference to any amount which the mortgagee might have contracted to pay his attorney, the court meant that it mattered not how much more than 5 per cent might be paid by the mortgagee to his attorney. If that is not the true meaning of the decision, and if the court meant that the mortgagee was not obliged to pay all of the stipulated 5 per cent attorney’s fee to his attorney, the decision must give way to the later decision on the subject. The ruling in First National Bank v. Mayer was merely that the stipulation in two promissory notes fixing the attorney’s fee at 10 per cent made it unnecessary for the holder of the notes to prove that the attorney’s fee was 10 per cent, so far as the obligation of the maker of the notes was concerned. The fact that an attorney at law instituted the suit was sufficient proof of his having been employed to institute the suit. It was not said or intimated that the .bank, as the holder 'of the notes, had the right to collect and retain the attorney’s fee for itself.
 

 We concur in the ruling of the judge of the district court that the plea of the Sinclair Refining Company and of the director of revenue that .Daspit had an adequate remedy at law, and therefore had no right to an injunction, was not well founded. If the Sinclair Refining Company had paid the amount of the judgment, including the 10 per cent attorney’s fee, to the director of revenue, the company would
 
 *32
 
 have discharged its obligation completely, and Daspit could not have maintained an action thereafter against the Sinclair Refining Company for the attorney’s fee. And, if the director of revenue had collected the amount of the judgment, including the 10 per cent attorney’s fee, and had paid it over to the state treasurer to be credited to the general fund, Daspit could not have sued for the fee without being authorized by the Legislature to sue the State.
 

 Section 3 of Article IV of the Constitution, invoked by the Sinclair Refining Company and by the director of revenue, is not applicable to this case. It is declared in that section that the Legislature shall not grant or authorize any parish or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor. So far as that may be deemed a declaration of public policy it has reference to the granting of extra compensation at the expense of the State or of a parish or municipality. The attorney’s fee in this case, if paid to the attorney or attorneys, will not be- an expense to the State or to the department of revenue. For the same reason, Section 2 of Act' No. 125 of 1912 is not applicable. The statute requires the joint approval by the Governor and the attorney general to make a valid contract of employment of an attorney to render any service for a state board or commission, for which any compensation is to be paid by the State or by the board or commission. Act No. 9 of the Third Extra Session of 1934, which authorized the Governor and the attorney general to employ attorneys to collect back taxes or to recover lands claimed by the State, “for a percentage of the recovery”, not to exceed 50 per cent, is not applicable to this case, because the statute had reference to a percentage that might be deducted from the money or property recovered for the State. The statute was repealed by'Act No. 59 of 1938.
 

 The argument that public policy forbids an assistant attorney general to receive the 10 per cent attorney’s fee stipulated in the tax statutes comes too late. The collector of revenue passed up that question when the assistant attorneys general were allowed to sue for and obtain a judgment for the State for the 10 per cent attorney’s fee. The State could not have obtained the judgment for the 10 per cent attorney’s fee, according to the terms of the statutes, if an attorney had not been “called on to assist in the collection”. Besides, the special assistant attorneys general who represented the department of revenue in the suit in which the State obtained the judgment against the Sinclair Refining Company were commissioned as special assistant attorneys general for the purpose merely of removing any or all doubt about their being eligible for appointment as attorneys for the revenue department, otherwise than as “private counsel” to represent the department in a suit for delinquent taxes, under the tax statutes which we have quoted. In that respect these special assistant attorneys general are not in the class with the attorney gen
 
 *34
 
 eral himself, or with the first or second assistant attorney general, whose salaries are fixed in the Constitution, in Article VII, Section 57.
 

 It is argued by the attorneys for the directpr of revenue that Daspit is es-topped by his acquiescence during a period of several years in the method by which the department of revenue handled the funds which were collected as the attorneys’ fees stipulated in the tax statutes. It is pointed out that the sum of $93,236.56 accumulated in the department of revenue, from collections of the 10 per cent attorneys’ fees during the incumbency of the collector who employed Daspit; and that, although he tried often by persuasion to convince the collector that this money belonged to the attorneys, he never saw fit to sue for it. Soon after W. A. Cooper was appointed collector of revenue he, on the advice of the attorney general, paid the $93,236.56 to the state treasurer, and he in turn credited it to the general fund. Daspit did not consent to that disposition of the fund; and his failure to bring suit to prevent it, while he was employed by the collector of revenue, cannot be considered as an acquiescence in the collector’s method of disposing of the fund, or as an estoppel against Daspit’s bringing this suit.
 

 The Sinclair -Refining Company, having been ordered and adjudged finally to pay the 10 per cent attorney’s fee, is not really concerned now with the question whether the director of revenue should pay the 10 per cent to the attorney or attorneys who obtained the judgment, or pay it to the state treasurer, to be credited to the general fund.
 

 We come now to the claim of E. Leland Richardson, who is appealing from the judgment rejecting his alternative demand for a third of the fee claimed by Daspit. The judge rejected Richardson’s alternative demand without allowing him to introduce any evidence in support of it. And the reason for excluding the evidence was, as we understand, that the judge construed Richardson’s pleadings as containing a judicial admission that he was not entitled to share in the attorney’s fee claimed by Daspit. The admission was merely an expression of opinion on a proposition of law; and it was not even an expression of opinion that Daspit alone, or that Daspit and Blanche, should have the 1.0 per cent attorney’s fee. The opinion which Richardson expressed was that none of the special assistant attorneys general had a right to receive the 10 per cent attorney’s fee. That opinion should not be construed as an admission, even as a proposition of law, that Richardson would not be entitled to a share of the fee if Daspit and Blanche were entitled to their share of it. A judicial admission must not be divided against the litigant who makes it, but must be taken for all that is said in the admission. Rev.Civ. Code, art. 2291; Code of Practice, art. 356; Scurto v. LeBlanc, 191 La. 136, 184 So. 567. Richardson’s expression of opinion that none of the three special assistant attorneys general was entitled to the 10 per cent attorney’s fee cannot be considered as an abandonment in favor of Daspit, or in favor of Daspit and Blanche, of whatever interest Richardson might have in the fee. If the expression-of opinion had been in
 
 *36
 
 tended as an abandonment of any share which Richardson had in the 10 per cent attorney’s fee, it would have been an abandonment in favor of the State, not in favor of Daspit or of Blanche.
 

 It is true that when Richardson first expressed his opinion that he and the two other special assistant attorneys general were not entitled to the 10 per cent attorney’s fee as extra compensation for the services which they had rendered in the suit of the State against the Sinclair Refining Company Richardson did not follow up with an alternative demand for a share of the fee if the court should not adopt his opinion on the subject. But Richardson’s first expression of opinion on the subject was given in his answer to the rule to show cause why a preliminary injunction should not be granted to Daspit; and there was no occasion then for Richardson to do more than to reserve his right to answer further to the suit on its merits, in order to reserve the right to make his alternative demand.
 

 On the trial of the case on its merits, Richardson offered, in support, of his alternative demand, his own testimony and that of the attorney who had represented the Sinclair Refining Company in the suit in which the State obtained the judgment for the delinquent taxes and the 20 per cent penalty and the 10 per cent attorney’s fee. And Richardson offered also the testimony of W. A. Cooper, who was collector of revenue during all but the first 32 of 33 days of the period in which the suit of the State against the Sinclair Refining Company was pending in the courts. The purpose of offering the testimony was to show what services Richardson had rendered in the State’s suit against the Sinclair Refining Company, and to show what authority was given to him by Cooper. Richardson offered also documentary evidence of the service which he had rendered in the State’s suit against the Sinclair Refining Company. Our opinion is that all of this evidence, and any other relevant evidence that might have been available, was admissible in support of Richardson’s alternative demand. For that reason we shall remand the case to the district court in order that the judge may receive the evidence and decide then whether Richardson is entitled to a share of the 10 per cent attorney’s fee claimed by Daspit and Blanche.
 

 It appears that the collector of revenue who employed Daspit and Blanche made a verbal contract with them, on or about November 3, 1934, by which each of them was to receive a salary of $416.66 per month, and that they were to receive also the attorneys’ fees that might be recovered “in all important litigation for the department, particularly the attorneys’ fees recovered in litigation under the Louisiana Severance Tax Law and the Louisiana Chain Store Tax Law.” The agreement was confirmed by a letter written by the collector to Daspit and Blanche on June 25, 1936; in the closing paragraph of which letter the col.lector, whose title then was supervisor of public accounts, declared:
 

 “It is my purpose and intention to bind and obligate my successor in office in executing and carrying out this agreement and contract of employment for your services
 
 *38
 
 as attorneys for the department of Supervisor of Public Accounts.”
 

 The author of the letter had no authority in law to bind or obligate her successor in office in the matter of employing attorneys for the department which, according to the letter, was then about to be divided into two departments, that of Collector of Revenue and that of Supervisor Of Public Funds. It does not appear that the judge of the district court rested his decision upon the alleged verbal .contract, confirmed by this letter. Whether the alleged contract should affect Richardson’s alternative demand for a share of the attorney’s fee claimed in this case is a matter to be determined after Richardson has introduced his evidence on the subject. The verbal contract or the letter confirming it cannot affect Richardson’s right to introduce his evidence to support his alternative demand.
 

 The judgment appealed from is affirmed in so far as it perpetuates the writ of injunction and orders that the attorneys’ fee of 10 per cent shall be paid to the attorney or attorneys who obtained the judgment for the delinquent taxes and the penalty and attorneys’ fee; and the case is ordered remanded to the district court with instructions to receive all relevant evidence that E. Leland Richardson may offer in support of his alternative demand, and then to decide whether Richardson . is entitled to a share of the 10 per cent attorneys’ fee, and if so what share. The Sinclair Refining Company is to pay the costs of this appeal. All other costs are to abide the final disposition of the case.