312 So.2d 907 (1975)
The JEFFERSON BANK AND TRUST COMPANY
v.
Daniel A. POST and Samuel A. Blaize, d/b/a Post & Blaize.
No. 6834.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1975.
Rehearing Denied June 11, 1975.
Writ Refused September 11, 1975.
*908 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Weigel, New Orleans, for plaintiff-appellant.
Garon, Brener & McNeely, Herbert J. Garon, New Orleans, for defendants-appellees.
Before LEMMON, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
This is a suit by the bank to recover the sum of $41,382.80 from its attorneys. This amount represents 25% attorney's fees which had been provided for in a collateral mortgage note, and upon which the attorneys on behalf of the bank had instituted executory process proceedings. However, this sum was withheld by the attorneys from the proceeds of a subsequent sale to one of the debtors and co-owner of the property which had been foreclosed on in the executory process proceedings. The trial judge granted defendants' motion for summary judgment. Attached to the motion is the collateral mortgage note stipulating the attorney's fee, a copy of the documents filed in the executory process proceedings and affidavits of defendant Post, the subsequent purchaser and the purchaser's attorney stating that part of the purchase price included the 25% attorney's fee which was stipulated in the note and mortgage. Plaintiff appeals. We affirm.
The facts are as follows:
Defendants filed an executory process petition on behalf of the bank seeking the sum of $154,900.00, the principal amount owed on a note held by the bank plus accrued interest in the sum of $8,264.08, as well as all interest accrued thereafter, and 25% attorney's fees on the principal and interest. The seized property was appraised in the sum of $210,000.00. The property was sold in the executory process proceeding by the sheriff on January 23, 1974, to the bank for the sum of $140,000.00. After deducting costs, the bank realized the sum of $135,229.20. There remained a deficit in interest and principal in the sum of $73,284.05.
The bank, at that point, had a right to proceed against the debtors for a deficiency judgment. However, in lieu of a deficiency judgment, the property which the bank had bought at the foreclosure sale was sold on March 15, 1974, to one of the judgment debtors, Dr. Samuel Greenberg. This sale was passed by defendant, Deniel A. Post, in his capacity as attorney for the bank. The sale price was collected by defendant Post. With the sale the bank also assigned to Greenberg its claim for deficiency judgment. The sale of the property to Dr. Greenberg for $213,284.05 included all the amount of principal and interest due on the note plus the 25% attorney's fee in the amount of $41,382.80.
Plaintiff contends that summary judgment was improper because a genuine issue of material fact existed concerning whether the bank and the purchaser agreed that the sum of $41,382.80 out of the purchase price was designated as attorney's fees, as *909 defendants contend, or whether no part of the purchase price was designated as attorney's fees, as plaintiff contends. The bank further claims a material factual dispute exists over whether defendants agreed to accept a lesser negotiated fee for their services.
Summary judgment is provided for in LSA-C.C.P. art. 966 which reads as follows:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
In moving for summary judgment, movers admit that all of the material allegations of fact in the opposing party's petition and in supporting affidavits are true. In the instant case, defendants admit "everything," both in brief and argument, and contend that regardless of whether or not they may have agreed to negotiate for a lesser fee that, as a matter of law, once the note was put in their hands for collection and they proceeded to collect the principal, interest and attorney's fees, these fees were due. We agree.
It is clear from a reading of W. K. Henderson Iron Wks. & S. Co. v. Meriwether S. Co., 178 La. 516, 152 So. 69 (1934) that attorney's fees become due whenever the obligation is not paid and the note is placed in the hands of an attorney for collection. In the instant case, no dispute exists that the debtors did default on the note, that the note was placed in the attorneys' hands for collection, and that the attorneys instituted executory process against the debtors resulting in the seizure and sale of the property. We fail to find relevance in the fact that the attorney's fees were collected through a subsequent sale of the property rather than through a deficiency judgment. Once the note is placed in the hands of attorneys for collection, the attorney's fees stipulated for belong to the attorney so employed. Recognition of the ownership of stipulated attorney's fees in the attorney and not the owner of the note is clearly set out in Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833 (1934), where the court stated:
"* * * The only sense in which it can be said that the attorney's fee stipulated in a promissory note belongs to the owner of the note is that the owner of the note may sue for and recover the fee in his own name when he sues on the note. But that is only one of the many instances where a plaintiff may, nominally, maintain an action for the benefit of another party. * * *"
We also agree with the findings of the trial judge that, as a matter of law, fee sharing of a collected fee by an attorney with a non-lawyer (the bank) would be a violation of ethics. As stated also in Foundation Finance Co. v. Robbins, supra:
"* * * It cannot be assumed that a holder of a promissory note stipulating for the payment of an attorney's fee can enter into a bargain with his attorney to divide the fee to be incurred for rendering legal services in the collection of the note, unless the holder of the note is an attorney at law; in which case, if the holder of the note renders the service, he *910 is entitled to the fee for the service so rendered. See Race & Foster v. Bruen, 11 La.Ann. 34. But no one can charge or receive a fee for services rendered by or as an attorney at law unless he is licensed to practice law. Hence an attorney at law cannot make an agreement with the holder of a promissory note to collect from the maker of the note the fee stipulated in the note and to divide it with the holder of the note, without violating the ethics of the profession, if the holder of the note is not licensed to practice law. * * *"
We do not have before us a situation where less than the amount owed on the note was collected. If a lesser amount had been collected, attorney's fees would be subject to negotiation without any ethical violation, according to the court in Foundation Finance Co. v. Robbins, supra.
The note, in the instant case, was placed in the hands of these attorneys for collection and the full amount of the stipulated attorney's fees were collected. In such instance, the attorneys are entitled to the 25% attorney's fees stipulated for in the note. Accordingly, we conclude that no genuine issue of material fact existed and summary judgment was proper. The judgment is affirmed.
Affirmed.
LEMMON, J., dissents with written reasons.
LEMMON, Judge (dissenting).
Affidavits filed by both sides established the following undisputed facts: Plaintiff-bank employed defendant-attorneys to foreclose on a collateral mortgage on immovable property, which secured a debt in the amount of $154,000.00. The bank's officers in September, 1973 requested the attorneys to quote the amount of the fee for handling the foreclosure, but the attorneys deferred settling the matter at the time, assuring the officials that they would charge a reasonable fee and would not charge the 25% fee stipulated in the note.
In October, 1973 the attorneys filed an executory proceeding, and the property was seized and eventually sold on January 23, 1974 to the bank for $140,000.00, which was 2/3 of the appraised value.
On January 28, 1974 one of the five debtors, after intensive negotiations with bank officials, signed an agreement to purchase the property for $213,284.05, which was the exact amount due under the writ of seizure, including principal, interest and 25% attorneys' fees. As additional consideration the bank assigned all of its rights to a deficiency judgment against the other debtors. The sale was subsequently consummated, with one of the attorneys acting as notary.
These facts raise the sole issue (as to appropriateness of a summary judgment) of whether the attorneys are entitled as a matter of law to the maximum amount of attorney's fees stipulated in the note. If these facts are insufficient to establish this entitlement, or if the attorneys are entitled to a reasonable fee in some amount to be fixed by the court at a trial on the merits, then summary judgment does not lie.
An attorney and his client are generally free to negotiate the amount of the fee for the attorney's professional services. An exception occurs when the client employs the attorney to collect on a promissory note, and the attorney collects the full amount due under the note, including principal, interest, costs and attorney's fees. In such a situation the amount collected as attorney's fees belongs to the attorney and not to the creditor who has otherwise recovered the full amount due him on the note. When the amount collected, however, is less than the total amount of principal, interest, costs and attorney's fees due, the creditor has not been paid in full, and the amount of attorney's fees are not controlled by the stipulation in the note, but by the express or implied terms of the *911 employment contract between attorney and client.[1]
At the point in time in the present case when the bank employed the attorneys to handle the foreclosure, the provision in the note for attorney's fees was significant only to impose additional liability on the debtors. The pertinent provision did not then entitle the attorneys to anything. Nothing had been collected, no fee for handling the foreclosure had been earned, and the bank could have discharged the attorneys at any time.
At the point in time when the attorneys accomplished the foreclosure and acquired title to the mortgaged property for the bank, the attorneys had earned a fee. (The amount of this fee, which is the sole issue in this case, must be determined as of this point in time). Since the attorneys and their client had not agreed upon a fee at the time of entering into the employment contract, the law presumes they intended a reasonable fee. And since the foreclosure did not result in "collection" of the total amount of the principal, interest, costs and attorney's fees, the reasonable fee intended by the parties for handling the foreclosure must be determined by the court at a trial on the merits.[2] The summary judgment device is not appropriate for such a determination.
The foreclosure was the last service rendered by the attorneys under their employment contract (although they were subsequently hired to prepare the documents in connection with the private sale and assignment and are apparently due a fee from someone for these services). Immediately after the foreclosure the bank could have sold the property to any party at any price.[3] The fact of the subsequent private sale is not determinative of the amount of fee due to the attorneys for handling the foreclosure (although the sale price of the asset produced by the foreclosure is perhaps a factor to be considered in setting a reasonable fee at a trial on the merits). For summary judgment purposes we should not be concerned as to who bought the property or how much the purchaser paid.[4]
While ultimately the bank received the full amount due under the promissory note, these funds were not realized solely *912 through the foreclosure accomplished by the attorneys. The reasonable fee for handling the foreclosure should be set by the court at a trial on the merits and not on a motion for summary judgment.
NOTES
[1] The contractual fee is part of the debtor-creditor contract, not of the attorney-client contract.
[2] Although the non-liquid asset collected was presumably worth at least $140,000.00, I would be unwilling to say that if the attorneys had been discharged at this point, they would have been entitled as a matter of law to a fixed fee based on the 25% stipulation in the note [$135,229.20 (sale price minus cost of sale) 125% = $108,183.36, the amount attributable to principal and interest; $135,229.20 - $108,183.36 = $27,045.84].

The bank employed the attorneys specifically to handle the foreclosure, not to collect on the note by any means the attorneys chose. Of course, if the foreclosure sale had brought an amount more than the principal, interest, costs and attorneys' fees due, then the principal, interest and costs would have belonged to the bank, the attorneys' fees to the attorneys, and the debtors would have been entitled to the excess. Since this amount was not realized, the percentage fee stipulation in the note (a contract to which the attorneys were not parties) is not determinative, although perhaps a factor to be considered by the court in fixing a reasonable fee.
[3] This case is complicated by the fact that after the foreclosure the bank sold the property to one of the debtors for the amount of principal, interest and attorney's fees due and as further consideration assigned its rights to a deficiency judgment against the other debtors. While this negotiated transaction has the effect of accomplishing collection of the note in full, the attorneys who were employed to handle the foreclosure did not accomplish collection in full by means of the foreclosure.
[4] Another complicating factor is that the bank and the debtor-purchaser negotiated a sale price, and in bargaining one or the other referred to the amount of the debtor's liability (including attorney's fees) at the time of the foreclosure sale. However, the manner in which the bank and the purchaser of the property reached the bargained-for sale price is relatively unimportant to the determination of the obligations flowing from the contract of employment between the bank and its attorneys.