422 So.2d 1279 (1982)
GENERAL INVESTMENT, INC.
v.
Willie THOMAS, a/k/a Willis Thomas.
No. 5-133.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 1982.
Rehearing Denied December 17, 1982.
John David Cassanova, Metairie, for plaintiff-appellee.
Patrick D. Breeden, New Orleans, for defendant-appellant.
Before SAMUEL, CURRAULT and DUFRESNE, JJ.
*1280 SAMUEL, Judge.
The facts involved in this appeal are not in dispute.
General Investment foreclosed by executory process on a chattel mortgage covering defendant's automobile. Following extensive court proceedings,[1] there was judgment in favor of plaintiff in the sum of $838, with legal interest and 25% attorney's fees, and judgment (for illegal seizure) in favor of the defendant, Thomas, in the amount of $300, with legal interest and a $2,412.50[2] attorney's fee. Subsequent to the seizure involved, Thomas was convicted of a felony and sentenced to the state penitentiary, where he is now incarcerated.
Counsel for Thomas then filed[3] a rule to show cause why the plaintiff should not be required to pay defendant the full amount of the judgment in his favor. On the hearing of that rule plaintiff contended it was entitled to compensation under the appropriate civil code articles.
After the hearing, there was judgment allowing plaintiff to compensate for the judgment in its favor prior to paying the judgment in favor of Thomas. As we understand this judgment on the rule, it permits plaintiff to deduct its full judgment, including the attorney fee award, from the full judgment for which it was cast, also including that attorney fee award, and satisfy the latter by paying the defendant the difference between the two.
Both Thomas and his attorney have appealed. In this court they contend the trial court erred in not holding R.S. 9:5001[4] provided the attorney for Thomas a first lien and privilege on the attorney's fee awarded Thomas. The matter of the attorney's fee awarded Thomas is the only issue presented by this appeal.
The pertinent codal articles on compensation read:
"When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereafter expressed." LSA-C.C. Art. 2207.
"Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums." LSA-C.C. Art. 2208.
"Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable.
The days of grace are no obstacle to the compensation." LSA-C.C. Art. 2209.
In our view, the issue raised relative to attorney's lien and privilege is not material. What is material is the answer to this question: Does the award for the attorney's fee belong to the defendant litigant or to his attorney?
If it belongs to the defendant, compensation takes place to the full amount of both the defendant's award based on illegal seizure and the attorney's fee resulting from that seizure because, quite clearly, the litigants are "indebted to each other" as expressed in C.C. Art. 2207. If, on the other hand, the attorney's fee award belongs to the attorney and not to his defendant client, compensation is not available insofar as that award is concerned because plaintiff and defendant's attorney are not "indebted to each other" as expressed in C.C. Art. 2207; plaintiff is indebted to defendant's attorney, but plaintiff's attorney is not indebted to plaintiff.
*1281 Our jurisprudence establishes that the attorney's fee award belongs to the attorney and not to his client. The lead case is Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833. The Court of Appeal had held attorney's fees in a note belonging to the client-noteholder and not to his attorney. The Supreme Court reversed, saying at page 836 of the Southern citation:
".... The only sense in which it can be said that the attorney's fee stipulated in a promissory note belongs to the owner of the note is that the owner of the note may sue for and recover the fee in his own name when he sues on the note. But that is only one of the many instances where a plaintiff may, nominally, maintain an action for the benefit of another party....."
The Fourth Circuit used the above quotation in Jefferson Bank and Trust Company v. Post, La.App., 312 So.2d 907, as authority for the proposition that "once the note is placed in the hands of attorneys for collection, the attorney's fee stipulated for belongs to the attorney so employed." The rationale of both cases is that the ethics of the profession prohibit the sharing of an attorney's fee between attorneys and non-attorneys. The Post case was cited with approval by the Fourth Circuit in Ethridge v. Merchants Trust and Sav. Bank, La.App., 389 So.2d 865.
In Police Jury of Tangipahoa Parish v. Begnaud, 200 La. 1020, 9 So.2d 399, the Supreme Court cited the Robbins case as authority for the proposition that the holder of a note containing a stipulation for attorney's fees "has the right" to collect the entire amount, including attorney's fees, but he must pay the fee to the attorney employed to collect the debt.
In Daspit v. Sinclair Refining Co., 198 La. 9, 3 So.2d 259, a former attorney for the Collector of Revenue was granted an injunction to prohibit Sinclair Refining Company from paying ten percent statutory attorney's fees to the Collector of Revenue. The court reasoned that if the money was paid to the Collector, it would be deposited by him into the state's general fund, and the plaintiff attorney could not have collected the fee without an act of the legislature to authorize his suit. Citing the Robbins case, the court stated that when a party collects on an obligation to pay a stipulated fee, such as an attorney's fee, "the plaintiff owes the fee to the attorney or attorneys who obtained the judgment. The plaintiff in such a case has no right to retain the attorney's fee for himself unless perhaps he is licensed to practice law." In this case, a change of administration in Baton Rouge caused plaintiff to lose his job as attorney for the Collector before the judgment containing attorney's fees became final. The Supreme Court allowed him to sue to restrain payment of the fee to the state. The court also allowed another attorney who was co-counsel with the plaintiff to attempt to collect an interest in the ten percent fee. Therefore, the Daspit case gives an attorney a right of action to sue for his attorney's fee, at least after the proceeding has been reduced to judgment.
Another case extensively discussing an attorney's right to sue in his own name for attorney's fees stipulated in a promissory note is American Gen. Inv. Corp. v. St. Elmo Lands, La.App., 391 So.2d 570, in which the Fourth Circuit approved the Robbins case and the Post case, but refused to allow a discharged law firm to intervene and assert a separate right of action for attorney's fees where the plaintiff and the defendant settled the case prior to the sale of the mortgaged property. The court in this case did not mention the Daspit case and did not emphasize the stipulation for attorney's fees in the promissory notes. One of the notes in question was sought to be enforced by executory process and the other by ordinary process. The St. Elmo court expressly refrained from deciding the firm's right to compensation from the plaintiff (its client), and it is clear the court was primarily interested in the law firm's duty to withdraw from the case once the plaintiff dismissed the firm.
St. Elmo is not clear authority one way or the other on the attorney's right to sue in *1282 his own behalf to collect attorney's fees because: (1) The court did not want the attorney's suit to interfere with the settlement between the parties; and (2) the parties escrowed a sufficient amount of funds to cover the law firm's fees. However, while the law is somewhat confusing with regard to an attorney's right to sue in his own name for a contractual or statutory attorney's fees, Robbins, Begnaud, Post, Ethridge and Daspit all make clear that once a claim is placed in the hands of an attorney and the attorney obtains a judgment in favor of his client, the attorney's fees stated in the judgment belong to the attorney whether sued for procedurally by his client or by him.
Thus, as here, when a plaintiff obtains a judgment against a defendant, and the defendant is successful on his reconventional demand against the plaintiff for damages and for attorney's fees, it appears clear that compensation does not take place between the plaintiff and the defendant as to that part of the judgment awarding the defendant attorney's fees. While in the instant case the defendant was a proper party procedurally to sue for the attorney's fee, the cases listed above clearly establish that such attorney's fees belong to the attorney. Therefore, the judgment in favor of defendant cannot be extinguished by compensation to the extent of any sums awarded as attorney's fees.
Finally, plaintiff-appellee suggests a resolution of this proceeding may not be possible because under the provisions of Civil Code Article 2148 the defendant, now incarcerated in the state penitentiary, may be without capacity to effectuate a satisfaction of judgment. Civil Code Article 2148 reads:
"But if the incapacity to receive the payment arose from the privation of civil rights by the effect of a sentence, then the payment is not good, although the payment were applied to the utility of the creditor." LSA-C.C. Art. 2148.
We believe the complete answers to this argument are: (1) Article 2148 refers only to an incapacity to receive payment which arises from "the privation of civil rights by the effect of a sentence", and the record is devoid of any evidence showing or tending to show that the sentence which sent Thomas to the penitentiary in any way deprived him of his capacity to receive payment of a judgment in his favor; and (2) we order payment to the attorney, and not to his client.
It should be noted that defendant's present attorney has represented defendant in this matter from its inception.
For the reasons assigned, that part of the judgment appealed from which is concerned with codal compensation is reversed and it is now ordered that there be judgment in favor of defendant's attorney, Patrick D. Breeden, and against the plaintiff, General Investment, Inc., in the full sum of $2,412.50, together with legal interest thereon from date of judicial demand until paid.
REVERSED.
DUFRESNE, J., concurs.
DUFRESNE, Judge, concurring.
I respectfully concur.
NOTES
[1] In the 24th Judicial District Court and in the Fourth Circuit (311 So.2d 95 and 400 So.2d 1081).
[2] Arrived at on the basis of a stipulated hourly rate and hours worked.
[3] In the District Court.
[4] "A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by then, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon."