SHORTESS, Judge,
concurring.
Under the facts of this case, I am of the opinion that special counsel had no independent right to additional attorney fees without the approval of their client, the State of Louisiana. The parties appeared before the court on December 10, 1981, and represented that attorney fees due the State to defray legal fees and expenses amounted to $626,853.41. Later that same day, special counsel got an ancillary judgment signed awarding an additional $873,000.00 in attorney fees directly to them. All of this was done notwithstanding the provisions of the December 9,1981, resolution from the State Mineral Board which provided:
“BE IT FURTHER RESOLVED that the one million five hundred thousand dollars ($1,500,000.00) and/or any such sums to be paid by Texaco to defray legal fees and expenses of the State of Louisiana, shall be made payable to the State of Louisiana, in its entirety, from which the State Treasurer shall make disbursements according to law and since such payments also is the result of a negotiated settlement, it shall not be the subject of a court award nor be included in any judgment.”
Special counsel cites General Inv., Inc. v. Thomas, 422 So.2d 1279 (La.App. 5th Cir. 1982), as authority for the proposition that an award for attorney fees belongs to the *761 attorney rather than the litigant. Under the facts stated therein, I have no problem with the holding of General Inv. Here, however, we have a claim or controversy over attorney fees (the State argues that it may have some interest in the $873,000.00.) Special legislation provides for an administrative hearing in claims or controversies arising over personal service contracts with the State, i.e., La.R.S. 39:1524, et seq.
I further note that the pleadings which resulted in the first judgment acknowledges that $156,698.54 was still due respective special counsel but was to be cancelled if they were awarded additional attorney fees (apparently the $873,000.00).
It is my opinion that this claim or controversy is clearly one which should be initially resolved at the administrative level, pursuant to La.R.S. 39:1524, et seq.