FRED W. JONES, Jr., Judge.
The primary issue presented by this appeal involves the question of the ranking of attorney fee awards in a separation judgment with relation to a subsequently recorded judgment in favor of a community creditor.
The litigation began with a separation suit between the Dooleys. Subsequently, First Security Bank & Trust Company filed suit against Mrs. Dooley on two promissory notes executed by her. Mrs. Dooley third partied her husband, contending the notes sued upon were community obligations.
The separation suit and the suit by the bank were consolidated for trial. In the separation suit, judgment was signed and recorded in the mortgage records on December 13, 1984. It included the following clause with reference to attorney fees:
“It is further ordered, adjudged and decreed that the attorney’s fees of Bobbie Katherine Dooley, for the services rendered and expenses incurred in her behalf by Sessions, Fishman, Rosenson, Boisfontaine & Nathan, 2500 Pan-American Life Center, 602 Poydras Street, New Orleans, Louisiana 70130, be and are hereby set at the sum of $19,397.00; and, the attorney’s fee of Vol. S. Dooley, Jr., for services rendered and expenses incurred in his behalf by Sockrider, Bolin & Anglin, A Professional Corporation, 327 Crockett Street, Shreveport, Louisiana 71101, be and are hereby set at the sum of $17,500.00; such fees are set for services rendered through the date of trial herein, December 7, 1984; and, same are hereby made due and payable by and from the community of acquets and gains previously existing between the parties hereto.”
Mrs. Dooley appealed from those parts of the judgment dismissing her rule for contempt and finding her mutually at fault in the separation.
On the bank’s suit on the promissory notes, judgment was signed and recorded in the mortgage records on January 27, 1985. The defendant husband took a devol-utive appeal. We amended and affirmed the judgment. 480 So.2d 842.
The bank executed on its judgment, causing the seizure of the Dooleys’ home place. The sheriff obtained a mortgage certificate which showed the attorney fee awards priming the bank’s judgment. The bank then filed this suit to contest this ranking. The attorneys named in the awards were included as defendants.
Ruling that the attorney fee awards outranked the bank’s judgment, the trial court reasoned:
“Thus, whether the award of attorney’s fees is a ‘creature of jurisprudence’, as in Tanner [v. Tanner, 229 La. 399, 86 So.2d 80 (1956) ]; or whether it is a creature of contract, as in Foundation Finance Company v. Robbins, [179 La. 259, 153 So. 833 (1934) ]; or whether it is a creature of a statutory provision, as in General Investment v. Thomas [422 So.2d 1279 (La.App. 5th Cir.1982) ]; or even whether it is a creature of a contingency contract, as in Roberts [v. Hanover Insurance Company, 338 So.2d 158 (La. App.2d Cir.1976)], the award of attorney’s fees belongs to the attorney and not the client.”
Appealing, the bank argues that 1) the attorney fee awards belong to the litigants rather than to the attorneys and 2) belonging to the litigants, those awards are subject to compensation or off-set. On the *900 other hand, the attorneys argue that they are the “owners” of the judgment awarding fees to them and that their judgment was recorded in the mortgage records first and outrank that of the bank.
Traditionally, in our state, attorney fees in separation and divorce suits have been considered community debts to protect the right of the spouse without separate property to obtain legal assistance in these matters. La.C.C. Article 155(A)(1) provides:
The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date which the original petition was filed in the action in which the judgment is rendered, but such retroactive effect shall be without prejudice 1) to the liability of the community for the attorney fees and costs incurred by the spouses in the action in which the judgment is rendered ...
La.C.C. Article 2357 provides:
An obligation incurred by a spouse before or during the community property regime, may be satisfied after the termination of the regime from the property of the former community and from the separate property of the spouse who incurred the obligation ...
The jurisprudence has consistently allowed the attorneys in suits of this nature to be awarded fees in judgments they obtain for their clients. Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1956); Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794 (1953). As pointed out in Gosserand v. Monteleone, 159 La. 316, 105 So. 356 (1925), the spouse’s right to employ counsel for a separation or divorce would be a barren right if the attorneys are not allowed to recover their fees from the community.
In cases which did not involve attorney fee awards in separation or divorce suits, Louisiana courts have held that those awards belong to the attorney and not to the client. See Foundation Finance Co., Inc. v. Robbins, 179 La. 259, 153 So. 833 (1934); Walker v. Investment Properties, Ltd., 507 So.2d 850 (La.App. 5th Cir.1987); General Investment, Inc. v. Thomas, 422 So.2d 1279 (La.App. 5th Cir.1982); Roberts v. Hanover Insurance Co., 338 So.2d 158 (La.App. 2d Cir.1976); Jefferson Bank and Trust Co. v. Post, 312 So.2d 907 (La.App. 4th Cir.1975).
However, discussing the ranking problem in this case in terms of who “owns” the part of the judgment awarding attorney fees poses obvious conceptual problems. For instance, our law describes a judicial mortgage as “that resulting from a judgment ... in favor of the person obtaining them”. La.C.C. Article 3321. But, the attorneys were not parties to the suit which resulted in the attorney fee awards. As Professor Mengis points out in Professional Responsibility, 48 La.L.Rev. 437, 449 (1987), if the attorney “owns” the fees granted in a judgment, the attorney should include himself as a party plaintiff in the suit on the note. Otherwise, the debtor may except as to that part of the claim for attorney fees.
On the other hand, to describe the litigants as the “owners” of the attorney fee awards would result in their obtaining judgments against themselves. As pointed out in a note in 42 La.L.Rev. 789, 806 (1982), the community is no longer treated as having a fictitious existence after termination for the purpose of paying community debts. It is not a legal entity but a patrimonial mass, a peculiar type of co-ownership. Therefore, to hold that the Dooleys “owned” these attorney fee awards would constitute a ruling that they were indebted to themselves for the amounts specified.
The significance of an attorney fee obligation is recognized by La.R.S. 9:5001 which provides:
A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.
However, as the plaintiff bank correctly points out, the attorneys in this case did not recover property for their clients.
*901 Consequently, it is apparent that the question posed here is one of first impression in our state.
Therefore, to resolve the issue we consider together 1) the strong public policy underlying attorney fee awards in separation and divorce suits; 2) those cases holding attorney fee awards in other cases “belong” to the attorney; and 3) the significance of attorney fees under R.S. 9:5001. From this we conclude that these attorney fee awards were recognized as privileged debts of the community by judgment recorded in the mortgage records prior to the bank’s judgment and, consequently, primed the bank’s judgment.
For these reasons, we AFFIRM the trial court judgment, at the cost of the plaintiff bank.