Dear Mr. Schober:
Pursuant to a Resolution passed June 8, 1994, the State Mineral Board, hereinafter referred to as "the Board", approved in principle, subject to form and legality, a compromise and settlement of State of Louisiana, et al v. MidLouisiana Gas Company, et al, Docket No. 143,797, Ninth Judicial District, Rapides Parish. This is a royalty audit claim involving State Lease No. 7591. Counsel for the State was Ernest R. Eldred, Esq.. Mr. Eldred handled the case pursuant to a contingent fee contract with the Attorney General's Office.
Due to the passage of La. Const. Art. VII, Section 10.5, there exists an issue regarding the disbursement of attorney fees from the settlement proceeds. In its Resolution the Board specifically requested from this office an opinion addressing the following issue;
 Whether attorney fees in the above case may be paid directly from settlement funds prior to said funds being deposited in the State Treasury or the entirety of the State's portion of the settlement funds be deposited and distributed in accordance with
 Article VII, Section 10.5 (sic) of the Constitution of Louisiana and attorney fees appropriated through the legislature.
In order to fully analyze the issues involved, we must initially turn our attention to La. Const. Art. VII, Sections 9
and 10.5 which provide in relevant part as follows:
Section 9(A) Deposit in State Treasury:
 All money received by the state or any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury . . . .
 Section 10.5 Mineral Revenue and Settlement Fund:
 (A) There shall be established in the state treasury the Mineral Revenue and Audit Settlement Fund, hereinafter referred to as the "fund". Of revenues received in each fiscal year by the State through settlements or judgments which equal, in both principle and interest, five million dollars or more for each settlement of judgment . . . the treasurer shall make the following allocations. . .
Likewise, La. R.S. 30:136(A)(1) provides specific instructions for the receipt, endorsement and immediate deposit into the state treasury of "all bonuses, rentals, shut-in payments or other sums payable to the State as lessor. .
These provisions make it clear that all moniesreceived by the state must be deposited in the state treasury immediately upon receipt. The state's portion of any settlement or judgment clearly falls under this requirement. The question then becomes whether the contingent fee portion also falls under the classification of monies receivedby the State? It is the opinion of this office that it does not.
The Attorney General's office on two separate occasions has rendered opinions holding that contingency fee contracts which allow fees to be paid directly to the attorney from the entity who pays the state are not in violation of the Louisiana Constitution. As pointed out in both opinions, only those monies received by the state or a state agency are to be deposited into the state treasury.
 . . . Because the contingency fee is paid by the entity that makes payment to the State and the law firm is not paid by the Attorney General, there is no violation of the Louisiana Constitution. Attorney General Opinions 89-320 and 89-675.
Although these two opinions were rendered prior to the passage of La. Const. Art. VII, Section 10.5, the language included in Section 10.5 is consistent with La. Const. Art. VII, Section 9, and simply does not change the law regarding the character of the proceeds. In other words, the same conclusion likewise applies to Art. VII, Section 10.5.
Further support of this position can be found in the statutory law as well as the jurisprudence regarding the nature of attorney fees. La. R.S. 37:218 provides in pertinent part;
 By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, . . . . Either party to the contract may, at any time, file and record it . . . in the parish in which the suit is pending or is to be brought or . . . in the parish of the client's domicile. After such filing, any settlement, compromise . . . made of the suit, or claim by either the attorney or the client, without the written consent of the other, is null and void . . .
La. R.S. 9:5001 provides as follows:
 5001. Privilege for fees
 A. A special privilege is hereby granted to attorneys at law for the amount of judgements obtained by them, and on the recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.
The language of the two statutes clearly creates an interest in the subject matter of the litigation and a lien ranking as a first privilege on the fees owed by virtue of the continent fee contract. While these statutes do not distinguish state proceeds from private, no other statutes or jurisprudence create a specific exclusion when dealing with claims involving the state. Absent some specific statutory or jurisprudential exception regarding claims by the State, in contingent fee contracts, attorney fees are owned by the attorney. See FoundationFinance Co. v. Robbins 179 La. 259 (1934);Jefferson Bank and Trust Company v. Post, 312 So.2d 158
(La.App. 4th Cir. 1975); Roberts v. Hanover Ins. Co.,,388 So.2d 158 (La.App. 2nd Cir 1976); General Inv., Inc. v.Thomas, 422 So.2d 1279 (La.App. 5th Cir. 1982); andWalker v. Investment Properties, Ltd.,, 507 So.2d 850
(La.App. 5th Cir. 1987).
In conclusion, for the reasons outlined above, it is the opinion of this office that attorney fees which have accrued as a result of the settlement of State of Louisiana, et al v.Mid Louisiana Gas Company, et al Docket No. 143,797 Ninth Judicial District, Rapides Parish, may be paid directly to the attorney by the entity that makes payment to the state prior to the state's portion being deposited into the state treasury.
If I can be of any further assistance, please advise.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ EMORY A. BELTON, JR. Assistant Attorney General Counsel, State Mineral Board
EAB/tp