WATKINS, Judge.
This appeal concerns a claim for attorney’s fees by Special Counsel for the State of Louisiana who represented the State in a suit in the Sixteenth Judicial District Court for St. Mary Parish against Texaco, Inc. for cancellation of certain mineral leases held by Texaco. The attorneys claiming the fees are the law firm of Broadhurst, Brook, Mangham, Hardy & Reed and Ernest R. Eldred, A Professional Corporation. The principal issue in the suit was resolved in a Compromise Agreement between Texaco and the State executed by R.C. Shields, Vice President of Texaco, and various state officials, including the Governor, David C. Treen, and the Attorney General, William J. Guste, Jr., on November 25, 1981 (by Shields) and December 9,1981 (by the State officials). The suit was dismissed by judgment of dismissal dated December 10,1981, duly filed in the suit record and obtained upon joint motion of counsel for the State and Texaco. (In the Compromise Agreement, Texaco agreed to pay the State $28.8 million immediately and made certain concessions in favor of the State of Louisiana.)
The Compromise Agreement made no mention of attorney’s fees for counsel for the State or of other legal expenses incurred by the State. However, the judgment of December 10, 1981, based upon joint motion of counsel for the State and Texaco, acknowledged that the legal expenses and fees incurred by the State constituted the sum of $626,853.41. That sum was paid directly to the State, in addition to the settlement sum of $28.8 million.
Also on December 10, 1981, the Court rendered a second judgment against Texaco, in favor of Special Counsel, to which judgment the State was not directly a party, although the Attorney General was present in Court when the judgment was entered, and voiced no objection. The second judgment, hereinafter called the Ancillary Judgment, fixed additional legal fees of Special Counsel (i.e., the Broadhurst firm and the Eldred corporation) in the additional sum of $873,000.00 and ordered that sum paid by Texaco. At the request of Special Counsel, the $873,000.00 sum was deposited in the registry of Court pending further proceedings. Special Counsel then filed a rule to show cause why this sum should not be paid immediately to them. Thereafter, on December 21, 1981, the Governor, Commissioner of Administration and the State Mineral Board filed a pleading styled Motion to Intervene, for New Trial, and Stay of Proceedings, seeking to have the $873,-000.00 that had been paid by Texaco, provisionally turned over to the State Treasurer, and the claim adjudicated by the Commissioner of Administration under the provisions of LSA-R.S. 39:1524 et seq. The intervention was allowed and a new hearing set for January 28, 1982. On February 9, 1982, the Governor, Commissioner of Administration, and State Mineral Board filed exceptions of no cause or right of action and lack of jurisdiction over the subject matter and motion to vacate, contending the rule of Special Counsel was without legal basis. The case was continued to March 16, 1982, when it was heard. After hearing, the trial court in written reasons *758 for judgment determined that R.S. 39:1524 et seq. applied, and by judgment ordered the sum of $873,000.00 paid to the State Treasurer, “subject to whatever rights the State of Louisiana, Texaco Inc. and/or Special Counsel have with respect thereto.” It was further decreed by that judgment that the award of attorney’s fees “be resolved and determined according to their contracts and applicable law.” The trial court, however, did not set aside that part of the Ancillary Judgment that determined that Special Counsel were entitled to attorney’s fees of $873,000.
From the judgment of the trial court Special Counsel perfected a suspensive appeal. The Governor, Commissioner of Administration and the State Mineral Board answered the appeal. Texaco neither appealed nor answered the appeal.
We amend to order that the claim be adjudicated under R.S. 39:1524 et seq., and to delete any determination of the correct amount of attorney’s fees.
The State and Special Counsel entered into several consecutive agreements with regard to attorney’s fees, the most recent having had the effective dates of July 1, 1981, through June 30, 1983. The agreement, forming a part of a contract captioned Contract for Professional Services, contained the following pertinent paragraph:
“Further, if permissible under applicable law and in the event the Court shall award attorneys’ fees, then any fee so awarded to the State and collected by Counsel shall be allocated first to the repayment to the State for legal fees previously paid to Counsel under this contract (including any sum paid under earlier contract for the same subject matter), together with a reimbursement to the State in an amount commensurate to the services performed by State attorneys including their expenses, then the remainder, if any, shall be remitted to contract Counsel as part of their compensation for services rendered.”
The State claims that this paragraph entitles the State to direct payment of the $873,000.
On December 9, 1981, the day the Compromise Agreement between Texaco and the State was completed, and the day before the State’s suit against Texaco was dismissed with prejudice and the Ancillary Judgment fixing attorney’s fees was rendered, the State Mineral Board adopted the following resolution:
“BE IT FURTHER RESOLVED that the one million five hundred thousand dollars ($1,500,000.00) and/or any such sums to be paid by Texaco to defray legal fees and expenses of the State of Louisiana; shall be made payable to the State of Louisiana, in its entirety, from which the State Treasurer shall make disbursements according to law and since such payment also is the result of a negotiated settlement, it shall not be the subject of a court award nor be included in any judgment.”
Yet the Department of Justice, State of Louisiana, filed a Response (to the Governor’s Motion to Intervene, for New Trial, and Stay of Proceedings) on March 11,1982, signed by William J. Guste, Jr., Attorney General, stating that the quality of legal services rendered by Special Counsel was outstanding, and stating further that as the State had no claim to the $873,000.00 ordered paid to Special Counsel by Texaco, that sum should be paid immediately to Special Counsel. Furthermore, Frank A. Ashby, Jr., then Secretary of the Department of Natural Resources, State of Louisiana, executed an affidavit on February 25, 1982, which contained the following recitations:
“1. He is the Secretary of the Department of Natural Resources for the State of Louisiana and is a plaintiff in the lawsuit styled, ‘State of Louisiana ex rel William J. Guste, Jr., et al vs. Texaco, Inc., et al’, Number 60,407 on the docket of the 16th Judicial District Court, Parish of St. Mary, State of Louisiana;
*759 “2. That he received notice of a Rule to Show Cause in the above described litigation as to why the attorney’s fees and expenses awarded to Ernest R. Eldred, A Professional Corporation, and Broadhurst, Brook, Mang-ham, Hardy & Reed by ancillary judgment in the captioned proceeding should not be paid directly to those entities.
“3. He agrees with the award of attorney’s fees and expenses in favor of Ernest R. Eldred, A Professional Corporation, and Broadhurst, Brook, Mangham, Hardy & Reed, and has no objection to those funds awarded in the ancillary judgment being paid directly to counsel as provided in the ancillary judgment.”
However, Frank P. Simoneaux, present Secretary of the Department of Natural Resources, by affidavit introduced at the hearing on March 16, 1982, stated that the Commissioner of Administration was the proper forum for resolution.
Thus, we are called upon to decide a matter on which the State does not present an undivided front. However, Special Counsel contend the $873,000.00 should be turned over to them immediately and directly under the language of the Contract for Professional Services, regardless of the position now adopted by the Governor, the Commissioner of Administration, and the members of the State Mineral Board. We find, as did the trial court, that the provisions of LSA-R.S. 39:1524 et seq., and more specifically the language of R.S. 39:1525 apply. R.S. 39:1525 reads as follows:
“This Section applies to a claim by or controversy between the state and a contractor arising out of a contract for professional, personal, or consulting services. If such a claim or controversy is not resolved by mutual agreement, the commissioner of administration, or his desig-nee, shall promptly issue a decision in writing. A copy of that decision shall be mailed or otherwise furnished to the contractor, shall state the reasons for the action taken, and shall inform the contractor of his right to judicial relief as provided in this Part. The decision shall be final and conclusive unless fraudulent, or unless the contractor institutes suit pursuant to R.S. 39:1526. If the commissioner of administration, or his designee, does not issue a written decision within one hundred twenty days after written request for a final decision, or within such longer period as may be established in writing by the parties to the contract, then the contractor may proceed as if an adverse decision had been received.”
Thus, if there is a claim or controversy between the State and a contractor arising out of a contract for professional services which is not resolved by mutual agreement, the matter shall be resolved by the Commissioner of Administration or his designee. Then, under R.S. 39:1526 the decision made under R.S. 39:1525 is subject to review by the Nineteenth Judicial District Court (for the Parish of East Baton Rouge).
The provisions of the statute squarely apply, as the trial court correctly found. There is a claim for professional services made by Special Counsel to the sum of $873,000.00 paid by Texaco. The claim has not been resolved by the Commissioner of Administration or his designee.
Special Counsel contend the statute applies only if the fund is in the hands of the State. We find the language of LSA-R.S. 39:1524 et seq. makes no such limitation. R.S. 39:1525 is quite broad. We find that it applies to “a claim” arising out of a contract for professional services, without limitation as to where the funds are placed.
Special Counsel contend the State is without standing to sue, as it has no claim, ultimately, to the $873,000.00. However, as we interpret the State’s position from the record, it is not now making any claim to this sum. It is simply contending that the provisions of LSA-R.S. 39:1524 et seq. provide the required statutory vehicle for the assertion of the claim made by Special Counsel.
Special Counsel also contend that the holding of this State’s Supreme Court in Daspit v. Sinclair Refining Co., 198 La. 9, 3 *760 So.2d 259 (1941) applies. In that case, it was held that counsel for the State could enjoin the payment of attorney’s fees by the losing party directly to the State Treasurer, if counsel had a claim to those fees. However, the Court was careful to limit its holding to the statutes then in effect. LSA-R.S. 39:1524 et seq. have since been enacted, having been added to the Revised Statutes of this State by Act No. 772 of 1978. Thus, under the present statute, the holding in Daspit is not controlling.
We, therefore, are in general accordance with the determination of the trial court that the sum of $873,000.00 should not be remitted to Special Counsel, but rather should be remitted to the State Treasurer with the right of Special Counsel to the amount of attorney’s fees to be resolved “according to their contracts and applicable law.”
We find that the trial court was correct in ordering the sum remitted to the State Treasurer. Clearly, the sum can no longer remain in the registry of the Sixteenth Judicial District Court, as the matter must first be resolved by the Commissioner of Administration or his designee and, if an appeal is taken, is subject to appeal to the Nineteenth Judicial District Court. Since Texaco has neither appealed nor answered this appeal, the sum cannot be returned to it even provisionally. Thus, the sum must be remitted to the State Treasurer provisionally, pending resolution of Special Counsel’s claim.
The Ancillary Judgment determined in the portion of that judgment that still is in effect that the additional legal fee of Special Counsel was fixed in the sum of $873,000.00. That portion of the Ancillary Judgment must be striken, as the determination ties the hands of those resolving the claim of Special Counsel under the provisions of LSA-R.S. 39:1524 et seq., and hence, the determination is at odds with the provisions and policy of the statute.
Accordingly, we amend the judgment of the trial court as follows:
(1) We order that the claim of Special Counsel in the sum of $873,000.00 remitted by Texaco be determined under the provisions of LSA-R.S. 39:1524 et seq.
(2) We order that the sum of $873,000.00 be paid from the registry of the trial court to the State Treasurer, provisionally, awaiting determination of Special Counsel’s claim under paragraph (1) of our judgment.
(3) We vacate and set aside that part of the Ancillary Judgment of December 16, 1981, that fixed additional fees of Special Counsel in the sum of $873,000.00, and direct that the matter be resolved as provided in paragraph (1) of our judgment.
AFFIRMED IN PART, VACATED IN PART, AND RENDERED.