389 So.2d 865 (1980)
Samuel W. ETHRIDGE
v.
MERCHANTS TRUST AND SAVINGS BANK.
No. 10889.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
*866 Edward J. DeMartini, Law Offices of Edward J. DeMartini, Kenner, for defendant-appellant.
Samuel W. Ethridge, pro se.
Before REDMANN, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
Defendant has appealed from a $32,344.86 judgment awarded to plaintiff for legal services he rendered to defendant in two matters, both involving executory or foreclosure proceedings on real estate, initiated by plaintiff in defendant's behalf.
In the first matter the note sued on had a principal balance of $126,641.46 plus accrued interest and attorney fees of 25%. The property was sold by the sheriff at public auction and was bid in by defendant for $120,000.00 on the basis of which plaintiff billed defendant a fee of $30,000.00. The second matter grew out of a foreclosure handled by plaintiff on several pieces of property. Defendant had plaintiff release one piece from the seizure which it sold to a third party at private sale for $9,379.44. On this basis plaintiff billed defendant the 25% provided for in the note for attorney fees or $2,344.86.
The principal issue is one of fact as to whether there was an agreement between the parties that plaintiff's fees would be based on a percentage basis or, as contended by the bank, on a time or quantum meruit basis. Other issues raised by defendant on appeal are that the trial judge erroneously based his decision on Jefferson Bank and Trust Company v. Post, 312 So.2d 907 (La.App. 4th Cir. 1975), writs refused 318 So.2d 41 (La.), and that the fees are excessive in any event because of applicable provisions of the Code of Professional Responsibility.
Plaintiff testified that he met with several officials of the defendant when he was first employed as its attorney and they agreed that he would handle all collections on the basis that his fees would be computed on the amounts collected in the percentages called for in the notes with no distinction or exception being made for foreclosure. This testimony was not contradicted in substance by the bank officials who testified. Plaintiff testified that his predecessor who represented the bank worked on the same arrangement and that his (plaintiff's) many other bills to the bank were paid without question even though they were computed on a percentage basis.
Defendant's view of the evidence is that plaintiff's testimony was without any corroboration and was insufficient to prove his claim under C.C. Art. 2277. However, the plaintiff himself qualifies as the "one credible witness" required by the article and the "other corroborating circumstances" means only general corroboration, not proof of every detail of plaintiff's testimony. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La. 1977).
*867 The aspect of plaintiff's testimony here in dispute is that his fees for collections embraced those collections made after foreclosure. While defendant argues that there was some distinction made by it for foreclosure fees nowhere in the testimony of two of the three officials who initially met with plaintiff was such a distinction made and the third official who was at the meeting did not testify. The very failure on the part of the officials to deny plaintiff's testimony tends to corroborate it.
Defendant next takes issue with the trial judge's reliance on Jefferson Bank and Trust Company v. Post, supra, on the basis of the facts of that case. There the bank bid the property in at the sale but subsequently sold the property to one of the debtors for the full amount of its principal, interest and 25% attorney fees stipulated in the note. In the instant case, after bidding the first property in for $120,000 the bank sold the property for $134,824, which was the amount of principal, interest and costs. Thus, the bank argues that a different result should obtain here than in Post because there the sale price collected by the bank included attorney fees whereas here the price included everything but attorney fees.
We are not persuaded by this argument. In the instant case the bank made a partial collection of its entire claim through the same procedure employed in Post and plaintiff is entitled to recover his pro rata of the amount collected.[1] Furthermore, the instant case turns on the existence of a contract between the parties as discussed above. In the Post case the elements of the contract of employment between bank and attorney are not apparent from the decision.
Finally, defendant contends that even if there was an agreement between the parties plaintiff may not recover the amount claimed because it is "in excess of a reasonable fee" and therefore prohibited by DR 2-106 of the Code of Professional Responsibility and public policy according to People's Nat. Bank of New Iberia v. Smith, 360 So.2d 560 (La.App. 4th Cir. 1978).
The posture of the cited case was entirely different from the instant case. There the bank as holder of a note was attempting to collect from its debtor the percentage attorney fee stipulated in the note and the court held that, considering the amount of work performed by the attorney in making the collection, the stipulated fee was "in excess of a reasonable fee" and could not be exacted against the debtor. There is nothing in the opinion to suggest any agreement between the attorney and the bank as to the ultimate fee to be paid the attorney by his client, the bank, and nothing in the opinion suggests that the attorney was limited in the amount of his ultimate fee from the bank by the same considerations which operated to limit the debtor's liability to the bank for the bank's attorney fee.
A reading of the pertinent section of the Code of Professional Responsibility readily demonstrates that the question of whether a fee is unreasonable depends on a number of considerations and ultimately depends on the facts and circumstances of the case. One of the factors weighing on the side of reasonableness is that the subject claim was for two of many, albeit the only land foreclosures, collections undertaken by plaintiff for defendant. In many instances plaintiff collected nothing and was paid accordingly so that the present claim cannot be isolated from the overall relationship between the parties.
Although we have concluded that defendant is liable in principle for the amounts he billed we are unable to agree with his arithmetic in computing his fee. He is not entitled to 25% of the total amount collected as his fee but rather 25% of the amount allocated to principal within the total amount collected. Thus, plaintiff is entitled under his agreement with defendant on the total $120,000 collection the sum of $24,000.[2] The same principle applies to the collection *868 of $9,379.44 so that plaintiff is entitled to $1,875.89 rather than $2,344.86.[3]
Accordingly, the judgment appealed from is affirmed but is amended in its principal amount to the sum of $25,875.89, and otherwise affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff would seem to be entitled to a proportionate fee on the $134,824 sale price less costs but he has limited himself to a percentage of $120,000 only.
[2] Principal $96,000 plus 25% attorney fee or $24,000 equals a total of $120,000 collected.
[3] Principal $7,503.55 plus 25% attorney fee or $1,875.89, equals total of $9,379.44 collected.