DUFRESNE, Judge.
This lawsuit involves the claim for payment of attorney’s fees for services rendered and collection of same.
Plaintiff, Richard Boutall, an attorney at law was employed by the defendant, Linda Berthelot Vickers, to represent her in separate legal matters from 1982 through 1985. These actions concerned the following:
(1) child custody proceeding;
(2) litigation in which Vickers was a named defendant;
(3) a collection matter; and
(4) a community property settlement from a prior marriage (Berthelot divorce)
There is no factual dispute that Vickers hired Boutall to act as counsel in the above matters, rather the parties only dispute the amount charged for the services rendered.
In September of 1983, Vickers retained Boutall as her attorney to represent her in a matter for a claim of community property arising out of a dispute with her former husband (Berthelot). Vickers testified that Boutall had informed her that his legal fees would be structured the lesser of 3% of the amount she received in the community property settlement or at a reduced fee of $50.00 per hour. Vickers established in court that she delivered a check to Boutall in the amount of $300.00, as a retainer for *930 services to be rendered on her behalf, as well as court costs.
Subsequent to the resolution of the Ber-thelot community property settlement, Vickers made several attempts to receive her share of the settlement. After discussing same with Mr. Vickers, Boutall indicated that his legal fees were $4,500.00, which Mr. Vickers promptly paid.
Upon learning of this payment, Mrs. Vickers immediately stopped payment of the check because it was substantially in excess of the 3% previously agreed between herself and Boutall. In early December of 1985, Vickers computed the 3% of the community property settlement she received and forwarded a cashier’s check to Boutall for full payment of legal fees owing according to her computations.
As a result, litigation over Boutall’s fees commenced with the trial court finding in part as follows:
“... considering all the evidence presented to the court, especially the evidence of Mrs. Berthelot’s ex-husband’s attorney that he spent a total of 44 hours on the community property settlement suit, it is this court’s opinion that the plaintiff should be awarded on a quantum meru-it basis Fifty Dollars ($50) per hour for 50 hours, which amounts to Two Thousand Five Hundred Dollars ($2,500), for his services rendered the defendant concerning her community property settlement. From this sum, the court deducts the Three Hundred Dollars ($300) the plaintiff has already paid to the defendant. Further, the plaintiff should be awarded Twelve Dollars and Fifty Cents ($12.50) for the 15 minutes of unsuccessful work he did for the defendant on her collection suit.
Lastly, this court concludes that the plaintiff should not be awarded attorney’s fees under LSA-R.S. 9:2781 because he did not comply fully with the billing requirements under this open account statute.”
From this decision Boutall has appealed, assigning the following specifications of errors:
I.The trial court erred in finding the refusal of Boutall to return Vicker’s cashier’s check, to be in contempt of an earlier judgment of another judge.
II.The trial court erred in excluding certain testimony of William Mura, Jr., Esq., and then erroneously based its reasons for judgment, in part, on that and other testimony of Mura.
III. The trial court abused its discretion in reducing the fees due Boutall.
IV. The court failed to award attorney’s fees, limiting its reasoning to “open account” restrictions.
Regarding the contempt ruling cited by Boutall as specification of Error I, we find that our review is confined to the judgment which is before us on appeal. Review of the appealed judgment is void of any reference of contempt against Boutall. The decision to hold Boutall in contempt of court relates back to a judgment which was rendered by the district judge on May 16, 1986, from which no supervisory action was taken by either party.
Consequently we hold that such a review would be improper here.
Relative to the second specification of error, we hold that the trial court acted properly and within the bounds of the law. We do not find any testimony of Mr. William Mura, Jr. Esq., which would convince this court that an erroneous judgment was rendered. As a reviewing court, we must give great weight to factual conclusions of the trier of fact, (as in this case, the trial judge) and where there is conflict in the testimony reasonable evaluations of credibility and reasonable inferences of fact are not to be disturbed. Canter v. Koehring, 283 So.2d 716 (La.1973). We find no manifest error in the trial court’s evaluation of the testimony of William Mura, Jr.
The next issue presented is the fixing of attorney’s fees by the trial court. A review of the record reveals that Boutall prepared four fee statements. Throughout the record Vickers indicates that she did not agree with the hours reflecting the *931 services performed in connection with the community property settlement and challenged their accuracy.
After reviewing the record, we find that Boutall and Vickers failed to reach a mutual understanding relating to attorney’s fees. There was never a meeting of the minds as to what or how fees were to be charged.
There is no doubt that Vickers employed Boutall as her attorney. Vickers’ recollection is that Boutall agreed to 3% of the amount she received from her community property settlement or an hourly rate, whichever was lesser. Vickers also recalls that Boutall reduced his hourly rate from $75.00 per hour to $50.00 per hour and estimated that his total charges would not exceed $700.00. Boutall on the other hand indicates that to the best of his belief he was charging $75.00 per hour, but probably told Vickers that he would charge $50.00 per hour; however, denies telling Vickers that he would work the case for 3% of her community property settlement.
After reviewing the record, we cannot hold that any contract existed between the parties. An attorney’s fee is usually established by contract, however, when there is silence as to contractual obligations or should the contract be declared void, an attorney’s fee may be determined by the application of the doctrine of quantum meruit.
An attorney’s fee is subject to our review and control and, therefore, we may inquire into its reasonableness. Furthermore, as in this case, determination of Bou-tall’s legal compensation under quantum meruit analysis is predicated upon an evaluation of facts in the record and an application of criteria listed in disciplinary rule of the Code of Professional Responsibility ABA Code of Prof.Resp., DR2-106(B). Pharis & Pharis v. Rayner, 397 So.2d 1295 (La.1981).
Reviewing the record, we cannot find any error with the trial court’s reasoning in the establishment of the fee due Boutall.
We further agree with the trial court that Boutall’s attorney is not entitled to any fee for the institution of this litigation. The failure to comply with the provisions of LSA-R.S. 9:2781 is fatal to the recovery of any attorney’s fee. Boutall did not establish that Vickers failed to pay an open account within 15 days after receipt of written demand. Furthermore, said demand must correctly set forth the amount owed and a copy of the invoices in support thereof shall be attached. This was simply not done here.
Finally, we address the question of fraud allegedly perpretrated by the Vickers and find no merit with Boutall’s contention. We do not find any misrepresentation or suppression of truth made with the intention to obtain an unjust advantage, or cause loss or inconvenience, LSA-CC art. 1953. The Vickers committed no act or omitted any act which, as a matter of law, would constitute fraud or ill practice.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs to this appeal are assessed against the appellant.
AFFIRMED.