570 So.2d 204 (1990)
Helen Weales TSCHIRN
v.
Darryl Jude TSCHIRN.
No. 90-CA-330.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
Writ Denied January 18, 1991.
James A. McCann, McCann & McCann, New Orleans, for plaintiff-appellant.
Harry R. Cabral, Jr., Cabral & Cabral, Metairie, for defendant-appellee.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
*205 GRISBAUM, Judge.
This appeal concerns an attorney fee award based on an oral contingency fee contract. We affirm. ISSUES
We are called upon to determine two specific issues:
(1) Whether the trial court erred in upholding the oral contingency fee contract, and
(2) Whether the amount of attorney fees is reasonable.

FACTS
Following a divorce decree, the trial court rendered a judgment partitioning the community estate of Helen Weales Tshirn and Darryl Jude Tschirn. Included in that judgment is the following decree:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the lawsuit presently pending entitled "Tschirn versus LaPorte" be and the same is hereby awarded equally to Darryl Jude Tschirn and to Helen Weales Tschirn, less and except the normal expenses and attorneys' fees associated therewith in the event of recovery thereon....
The LaPorte lawsuit involved a malpractice action by Mr. and Mrs. Tschirn against their accountant for damages stemming from his failure to file several income tax returns on their behalf. To represent their interests, in early 1983, Mr. and Mrs. Tschirn retained the law firm of Hurley & Hoffman. In addition to the malpractice action, the firm also resolved the Tschirns' tax problems. At the start of the relationship between the Tschirns and the law firm, the parties agreed that the tax case would be billed at a flat hourly rate. This matter was satisfactorily resolved and the attorneys were paid; it is, therefore, not at issue. In the malpractice action, however, the parties allegedly agreed on an hourly rate of $50 per hour plus a 15 percent contingency fee. This contract was never reduced to writing.
In early 1989, just prior to trial, the Tschirns reached a settlement agreement of $235,000 with the accounting firm. Thereafter, Hurley & Hoffman claimed $45,927.97 in legal fees arising from the malpractice action. Helen Tschirn then hired independent counsel, James McCann, to review the malpractice proceedings and settlement agreement. Upon Mr. McCann's advising her that Hurley & Hoffman were claiming attorney fees despite the absence of a written and signed contingency fee contract, Helen Tschirn refused to sign the settlement documents. As a result, Darryl Tschirn filed a rule to compel Helen Tschirn to sign the settlement papers, endorse the settlement check, and have the check placed into the Tschirns' joint account to pay community debts, including the legal fees of Hurley & Hoffman. After a hearing, the trial court rendered judgment ordering Helen Tschirn to sign the settlement documents and checks, ordering her attorney, James McCann, to review the records of Hurley & Hoffman to assess the validity of their attorney fees claim in the LaPorte case, and setting a hearing on the attorney fees issue. On April 24, 1989, the trial court conducted a hearing and thereafter rendered the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that the legal fees due Hurley and Hoffmann, Attorneys, in the amount of FORTY FIVE THOUSAND NINE HUNDRED TWENTY[-]SEVEN AND 97/100 DOLLARS ($45,927.97) be and the same are hereby approved for payment in full immediately from the escrow account presently in the control of Hurley and Hoffmann, Attorneys, and the balance of said funds held by Hurley and Hoffmann held in the escrow account jis [sic] to be divided equally between Darryl Jude Tschirn and Helen Weales Tschirn after the payment of the legal fees set forth hereinabove.
Helen Tschirn contests this judgment, claiming that the trial court erroneously upheld an oral contingency fee contract.

ANALYSISISSUE ONE
La.R.S. 37:218(A) provides:
By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter *206 of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.
La.C.C. art. 1846 provides:
When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
Additionally, we note, as did the trial court, that the purpose of La.R.S. 37:218 is to protect the attorney, not to allow the client to deprive the attorney of his earned fee. Scott v. Kemper Ins. Co., 377 So.2d 66 (La.1979). Ergo, the absence of a written contingency fee contract does not necessarily render a contingency fee contract unenforceable. Furthermore, our jurisprudence in Ethridge v. Merchants Trust and Savings Bank, 389 So.2d 865 (La.App. 4th Cir.1980) provides that the testimony of the attorney claiming fees plus general corroborating circumstances are enough to prove that a contingency fee contract exists between the parties.
The record shows both Paul Hurley and Herman Hoffman testified at the hearing. Mr. Hurley stated that, just after the Tschirns retained their law firm to represent them in this matter, he met with both Darryl and Helen Tschirn and they agreed that the malpractice case would be billed at a rate of $50 per hour plus a 15 percent contingency fee; Mr. Hoffman corroborated this arrangement. Further, Darryl Tschirn testified that this was the agreement established between the parties. The only contrary testimony is Helen Tschirn's self-serving statement that she does not recall being present when a contingency fee arrangement was discussed or entered into. No other testimony was offered to dispute the existence of or terms of the contract. Therefore, in light of our statutory and jurisprudential guidelines, we must agree with the trial court that the existence of a contingency fee contract was sufficiently proven. Ergo, there was no error.

ISSUE TWO
An attorney's fee is subject to our review and control and, therefore, this Court may inquire into its reasonableness. Boutall v. Vickers, 532 So.2d 928, 931 (La. App. 5th Cir.1988). In evaluating the reasonableness of attorney fees, even when stipulated in contracts, the applicable law is Disciplinary Rule 2-106 of the Code of Professional Responsibility. Walker v. Inv. Properties, Ltd., 507 So.2d 850, 852 (La. App. 5th Cir.1987), writ denied, 513 So.2d 293 (La.1987). Rule 2-106(B), in part, provides:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;

*207 (4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
After a careful review, we cannot say the amount of attorney fees awarded is unreasonable for this complex litigation which spanned over a six-year period, which was handled by a firm that specialized in tax matters, and in which a favorable settlement was reached. Ergo, the trial court did not err.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.