JiCIACCIO, Judge.
This case involves a fee dispute between Darryl Tschirn and the law firm of Lemle & Kelleher (hereinafter “Lemle”). Following a hearing, the trial court determined that Tsehim owed additional fees to Lemle. By judgment dated June 5, 1996 the trial court ordered the amount of $10,628.07 to be paid to Lemle, which was an amount being held in escrow pending resolution of the dispute. It is from this judgment that Tsehim now appeals. For reasons stated herein, we reverse this judgment of the trial court.
In 1991, Darryl Tschirn, an attorney, approached Edward “Ned” Kohnke, a partner with the Lemle law firm, seeking assistance with the litigation of a lawsuit Tschirn had brought against Secor Bank and others. Kohnke agreed to assist Tsehim with the litigation, although no legal fee for Kohnke’s representation was set at this time.
In December of 1994, Ned Kohnke and other members of the Lemle firm left Lemle to form a new law firm, Frilot, Patridge, Kohnke & Clements (hereinafter “Frilot”). Tschirn elected to continue his representation with Kohnke of the Frilot firm rather than remain with the Lemle firm.
On December 17,1994, the partners of the Lemle firm and the departing partners who formed the Frilot firm entered into a Separation Agreement wherein the parties set forth the terms of the withdrawal from the Lemle partnership. Appended to this agreement as Exhibit 5, there was a notation that RNed Kohnke had agreed to an oral contingency fee contract with Tschirn of one-third of recovery plus reimbursement of costs in the case against Secor Bank.
In May of 1995, Tom Benjamin of the Lemle firm forwarded a proposed Fee Sharing Agreement to Ned Kohnke at the Frilot firm in which it was proposed to split evenly between the two firms any fee obtained from the litigation of the Tschirn versus Secor matter. This agreement included a paragraph which stated that the contingency fee agreement with Tschirn in this matter was one-third of any recovery plus reimbursement of costs. By letter dated May 22,1995, Kohnke informed Benjamin that there was no contingency fee agreement between Tschirn and Kohnke at that time. The letter stated that although a one-third contingency fee agreement had been discussed, no formal agreement had been reached. Thus, Kohnke refused to endorse the Fee Sharing Agreement proposed by the Lemle firm.
The case of Tschirn v. Secor Bank, et al proceeded to a jury trial in September of 1995, and lasted for approximately two weeks. Prior to the closing arguments in the case, Tom Benjamin of the Lemle firm approached Kohnke and Tschirn with a Fee Sharing Agreement which indicated that the fee obtained as a result of any recovery obtained was to be split evenly between the two firms. This document was signed on September 29, 1995 by both Kohnke on behalf of the Frilot firm and by Tschirn acknowledging the terms of the agreement. Following the conclusion of trial, the jury *1292 returned with a verdict of $1.2 million in favor of the plaintiff, Darryl Tsehim.
Subsequently, Darryl Tschirn negotiated a settlement with Secor Bank in which he waived pre-judgment interest and agreed to accept the sum of $1.2 million in fulfillment of the jury verdict. Shortly after this settlement | {¡agreement was reached, the Lemle firm filed into the trial court proceedings a Motion to Intervene, asserting that based on the terms of the Fee Sharing Agreement executed on September 29,1995, the name of the Lemle firm must be included on any settlement draft issued by defendants.
In early February, 1996, pursuant to the settlement agreement, defendants issued a draft in the amount of $1.2 million payable to Darryl Tschirn and to the members of the Frilot firm and the Lemle firm. Kohnke of the Frilot firm received the draft on February 2, and requested that Lemle endorse the draft for deposit into the Frilot Trust Account. Lemle refused to endorse the draft as they disputed the calculation of the contingency fee proposed. Tschirn, Kohnke and the Frilot firm contended that the contingency fee was to be calculated on the amount of the net recovery after deduction of expenses which had been paid by Tschirn during the proceedings. The Lemle firm contended that the fee was to be calculated on the gross recovery plus reimbursement of expenses incurred by the Lemle firm. The difference between the two calculations was $10,628.07.
Based on this dispute, the parties scheduled an immediate hearing before the trial court which was held on February 8, 1996. Tschirn, a California resident, traveled to New Orleans and attended this hearing. On the morning of the hearing, the Lemle firm agreed to endorse the settlement draft. By Consent Order executed on this date, the parties agreed to an immediate disbursement of all settlement funds, except that the disputed amount of $10,628.07 was placed in the Frilot Trust Account pending resolution of the dispute.
A hearing was then set for the resolution of the dispute regarding the calculation of the attorney’s fees. At this hearing, Tschirn and Kohnke both testified that there existed no written contingency fee agreement for Kohnke’s | ¿representation in the Secor Bank litigation. Both Tschirn and Kohnke testified that there was an oral contingency fee agreement and that Tsehim and Kohnke were the only two individuals who had been parties to this agreement. According to the testimony of both Tsehim and Kohnke, the oral agreement provided that Darryl Tschirn would be required to pay all costs and expenses incurred in the litigation, and that the contingency fee would be calculated as one-third of the net recovery after the costs advanced by Tschirn was deducted from the gross amount. Tsehim testified that he had paid costs during the proceedings of approximately $60,000.00, and introduced statements to support this amount.
In response to this testimony, the Lemle firm offered into evidence the December, 1994 Separation Agreement executed between the partners of the Lemle firm and the Frilot firm which contained the notation regarding the oral contingency fee agreement in this case. Lemle also offered into evidence the Fee Sharing Agreement which was signed by Benjamin, Kohnke and Tschirn on September 29, 1995. The Lemle firm contended that these documents proved that the contingency fee agreement entered into by Tsehim and Kohnke provided for a fee of one-third of gross recovery plus reimbursement of costs.
Following this hearing, the trial court rendered judgment in favor of the Lemle firm and against Tsehim, ordering that Lemle was entitled to the full amount of the disputed funds which were held in escrow. The trial court stated in oral reasons for judgment that the testimony of Tsehim and Kohnke regarding the existence of a contingency fee contract was inconsistent with evidence introduced at the hearing. The trial court was apparently referring to the 1994 Separation Agreement in which Kohnke admitted to having an agreement with Tsehim and the correspondence between Benjamin and Kohnke | sin May of 1995 in which Kohnke stated that there was no formal contingency fee agreement between himself and Tsehim.
*1293 We have carefully reviewed the record in this case and fail to find the testimony of Tschim and Kohnke to be inconsistent with the evidence introduced at the hearing. Both Tschim and Kohnke testified that there were numerous conversations and meetings between them concerning the terms of the contingency fee agreement. When asked whether there was a contingency fee agreement with Tschirn, Kohnke testified:
After a passage of time and there was a point at which you (Tschim) and I had those discussions and clearly we entered into an oral contingency fee agreement.
In subsequent testimony, Kohnke stated that although the Separation Agreement stated that there was an oral contingency fee agreement that was for a one-third amount, it was silent on how this amount was to be computed.
Darryl Tschim also testified that he had numerous conversations with Ned Kohnke regarding the terms of the contingency fee. He stated that at one point they discussed Kohnke handling the case on a pro bono basis, or the possibility of a reduced fee or professional discount as Tschim was also an attorney and was assisting in the handling of the case. Tschirn testified that the agreement that was ultimately reached was that he was required to pay all costs and that Kohnke’s one-third fee would be calculated on the net recovery after the deduction of these costs.
The Separation Agreement, Exhibit 5, states as follows:
Contingency Fee: EFKIV (Kohnke)

Tschirn v. Secor Bank

1/3 of recovery plus costs: oral
No written contract.
This document is not inconsistent with the testimony of Kohnke that the | ¡¡parties had orally discussed a contingency fee of one-third of recovery. Further, the correspondence of Kohnke to Benjamin in which he disputes Benjamin’s assertion that the contingency fee contract is one-third of any recovery is not inconsistent with Kohnke’s testimony that he and Tschirn had numerous conversations regarding the contingency fee and did not come to a formal agreement until shortly before the trial of the matter.
Although Lemle contends that the Fee Sharing Agreement signed by all parties is dispositive of this issue, we find no merit in this contention. Paragraph 1 of that agreement states as follows:
The Frilot Firm confirms that its contingency fee contract with Tschirn in the Secor Case is one-third of any recovery through settlement or litigation, plus reimbursement by Tschim for all costs incurred.
Lemle contends that this paragraph supports its position that the contingency fee was to be one-third of gross recovery. However, the provision does not specifically state “gross recovery,” and in fact the agreement is silent with regard to the calculation of the fee where Tschirn incurred substantial costs in the litigation. More importantly, this document is not a contingency fee contract, but rather is a fee splitting agreement between the two law firms, where the two firms agreed to evenly split the contingency fee and Tschirn, the client, approved. We fail to find this evidence conclusive as to the terms of the oral contingency fee contract between Tschim and Kohnke.
Rather, we find that the only direct evidence presented on the issue of the terms of the oral contingency fee agreement is in the form of testimony of Tschim and Kohnke, the only parties to the agreement. Tschim and Kohnke consistently testified that the agreement provided that Tschim pay the costs of the litigation and that these costs would be deducted from the recovery before |7the contingency fee was calculated. This testimony is corroborated by evidence in the record that Tschirn did in fact incur expenses and costs during this litigation in the amount of approximately $55,000.00.
Kohnke’s testimony is particularly persuasive because it is a statement against his own economic interest and an admission that his law firm is not entitled to the additional $10,628.07 fee being claimed by the Lemle firm.
*1294 On the subject of contingency fee agreements, the Rules of Professional Conduct provide in part as follows:
... a contingency fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to a lawyer in the event of a settlement, trial or appeal litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingency is calculated
Rule 1.5(c).
Although an oral contingency fee agreement was upheld in the case of Tschirn v. Tschirn, 570 So.2d 204 (La.App. 5th Cir. 1990), writ denied, 573 So.2d 1123 (La.1991), we find that Rule 1.5 requires that a contingency fee agreement be in writing and must specify if the expenses are to be deducted before or after the fee is calculated. However, if the attorney and client enter into a binding oral contingency fee agreement, we hold that any ambiguity in the agreement shall be construed against the attorney in favor of the client,
The record in the present case indicates that the Lemle firm was paid $189,371.93, plus their outstanding costs which the firm had incurred in the amount of $6,221.58. This amount was calculated by deducting the costs incurred by Tschirn from the $1.2 million settlement amount and then multiplying this figure by 33 1/3 % and dividing by 50%. We find that based Ron the evidence in the record, this calculation corresponds with the terms of the oral contingency fee agreement as entered into by Tschim and Kohnke. We conclude therefore that Lemle is not entitled to receive any additional funds, and that the trial court was clearly wrong in ordering that the funds held in the trust account be paid to the Lemle firm.
Finally, we have reviewed appellant’s argument concerning his claim for reimbursement for costs incurred as a result of this fee dispute. Tschirn claims that by disputing the contingency fee agreement and by refusing to endorse the draft advanced by defendants, the Lemle firm caused Tschirn to incur travel expenses and to suffer a loss of $1,280.00 in interest based on the delay in depositing the settlement draft. Under the circumstances presented here, we fail to find that Lemle’s actions in contesting the fee agreement were unreasonable, and we find no basis to award damages to Tschim.
Accordingly, for the reasons assigned herein, the judgment of the trial court in favor of Lemle & Kelleher against Darryl J. Tschim ordering the Frilot Firm to pay to Lemle the amount of $10,628.07 is hereby reversed. We hold that Tschirn rather than Lemle is entitled to these funds, and we therefore render judgment herein in favor of Darryl J. Tschirn ordering the Frilot firm to pay to Tshirn the amount held in the Frilot Trust Account of $10,628.07. In all other respects, the judgment of the trial court is affirmed. Lemle is to bear all costs of this appeal.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.

liON APPLICATION FOR REHEARING
In our original opinion rendered on March 19, 1997, this Court ordered that the amount of $10,628.07 be paid to Darryl Tschirn by the Frilot firm based on a conclusion that the sums remained in the Frilot Trust Account. However, in the application for rehearing, Lemle & Kelleher points out that this amount has been paid to Lemle in accordance with the judgment of the trial court, and is no longer in the Frilot Trust Account. Accordingly, the application for rehearing brought by Lemle & Kelleher is granted for the sole purpose of amending our original opinion to include an order that the firm of Lemle & Kelleher pay forthwith the amount of $10,628.07 to Darryl Tschim. In all other respects, the application for rehearing is denied.