|!WALTZER, Judge.
STATEMENT OF THE CASE
This case arose out of an automobile accident which occurred on 14 August 1986. Plaintiff, Maria Benton, was injured in the accident and sued the adverse driver, his insurer and her uninsured motorist insurer. The driver’s suit was settled for policy limits and plaintiff accepted an unconditional tender of $40,000 from the UM carrier, reserving her rights to proceed with her suit. The jury returned a verdict of $122,854 and the trial court credited the insurer with $90,000 previously paid to plaintiff and rendered judgment in her favor for $32,854. The jury found the insurer’s failure to make a reasonable tender was arbitrary, capricious or without probable cause and assessed penalties. Both parties appealed, and this Court affirmed, amending the award to $232,854 and reversing and setting aside the judgment awarding plaintiff penalties and attorneys fees. Classic Imports, Inc. v. Singleton, 97-0242 (La.App. 4 Cir. 11/12/97), 702 So.2d 1187, units denied, 97-3089 and 97-3112 (La.2/20/98), 709 So.2d 775. Plaintiff was represented at trial and on appeal by Darryl J. Carimi of the Carimi Law Firm (Carimi), as successor counsel.
On 13 April 1998, plaintiff moved to require Carimi to return $394,336.61 he had withdrawn from the registry of the trial court a month earlier, alleging a dispute as to the amount of Carimi’s fee. Carimi moved for a hearing to determine the proper allocation of the funds. On 31 July 1998, the trial court ordered | ?,$206,875.52 re-deposited in the court regis *457 try[1]. Carimi’s contradictory motion was heard and on 14 August 1998 the trial judge rendered judgment. According to that judgment, the proceeds of the judgment were distributed as follows:
1. Darryl J. Carimi $27,824.60
2. Accurate transcripts 243.75
3. CM Sheriff 16.92
4. Gail Brady, M.D. 500.00
5. Joseph J. Roniger, Jr., M.D. 200.00
6. Litigation Reprographics 106.09
7. Melville Z. Wolfson, Ph.D. 2,545.00
8. Wegmann-Dazet & Co. 22,492.00
9. Carimi Law Firm (costs) 1,263.39
The remainder of the funds on hand were awarded to plaintiff. The costs associated with Carimi’s motion were assessed 65% to plaintiff and 35% to Carimi.
The trial court denied Carimi’s motion for new trial on 15 September 1998. Plaintiff and Carimi filed motions for appeal from that judgment. However, in her brief on appeal, plaintiff asks this Court to affirm “in all respects” the trial court judgment of 15 September 1998. We affirm.
STATEMENT OF FACTS
In reasons for judgment, the trial court found that the parties entered into a written employment contract pursuant to La. R.S. 37:218 concerning this matter on 23 September 1994. That contract provides in pertinent part:
hi hereby agree to pay as a legal fee for services rendered by the above attorney regarding this claim a sum equal to 35% of the total amount recovered. I authorize [Carimi] to retain this legal fee plus all expenses and advances incurred out of any sums recovered.
[[Image here]]
It is my intent to vest [Carimi] with an interest in the subject matter of my claim and any suit or suits filed thereon as permitted by L.S.A. — R.S. 37:218 and afford to [Carimi] all the rights and protection granted by said statute for Attorney’s fees owed and all expenses and advances incurred on my behalf. In addition to furnishing legal services, attorneys agree to advance all costs and expenses necessary to prosecute this claim. It is understood and agreed that in addition to the Attorney’s fee, all costs, including copy costs, delivery costs, mock jury and shadow jury costs, medical expenses, travel expenses, costs of medical records, depositions, expert fees, long distance telephone costs, court costs and advances to me or guarantees on my/our behalf, and all expenses of this litigation will be reimbursed to Attorney out of any funds received on this claim.
It is further understood and agreed that Attorneys are authorized to secure a loan for the purpose of paying the costs and expenses necessary to prosecute this claim.... I do hereby agree that the full amount of the interest charged on such loan will be reimbursed to Attorneys by me out of the funds received on this claim.
[[Image here]]
It is further understood and agreed that Attorneys, in their sole discretion have the right to retain the services of any consultant, experts or investigators and that the cost thereof shall be reimbursed as costs to Attorneys by me out of the funds received on this claim.
The trial court reviewed the documentation submitted by Carimi and concluded that a 35% contingent fee was fair. He found the record to be silent as to Lwhat the $491,336.61 deposited in the court registry represents. He found that since the Court at the conclusion of the trial assessed costs against the UM insurer, the insurer’s deposit into the registry included those costs. He also concluded that since the deposit included expert fees covering *458 trial testimony by the expert witnesses, Carimi should have received no percentage of those amounts.
The trial court found that the amount “recovered” and “received” was $491,336.61 and that it is unclear whether the fee comes before deduction of expenses. Plaintiff testified that she did not understand the fee to be computed on expenses, and the Court held that the contract did not require that expenses be added into the fee base.. Since Carimi prepared the contract, any ambiguity must be interpreted against him. Furthermore, the court found, it would be unfair to allow an attorney freedom to run up costs and expenses to inflate his fee without contribution from the attorney. The court found Carimi’s claimed expenses of $26,899.15 and $56,724.37 were justified and legitimate.
The trial judge found that the services of CPA Francis Bologna were necessary to determine the financial loss plaintiff sustained as a result of the accident and to prepare her attorney and the witness to present the claim to the jury. Of his total charge, the court found $729 to have been for plaintiffs benefit alone for preparation of tax returns for her wholly owned corporation. The remainder was for the benefit of the litigation and, since it was paid by Bank loan, 35% or $255.15 was added to Carimi’s recovery. The trial court found that expert and deposition fees fixed by the court of $8,250 were paid by the UM insurer and should be deducted from the fee base.
15The trial court computed the amount due Carimi as follows by amended judgment of 15 September 1998 correcting computational error in the original judgment:
Registry deposit $491,336.61
Less expert fees set
by court (8,250.00)
Less expenses (75,373.52)
Fee base $407,713.09
Carimi 35% fee $142,699.58
Plus amount due Carimi for loans 56,724.37
Plus amount due Carimi re
CPA expense 255.15
Less amount received by Carimi ($168,967.00)
Balance due Carimi $ 30,712.10
The trial court rejected Carimi’s claim that because plaintiff had previously contracted with the law firm of Lombard & Silbert fór a 40% contingent fee, he should be awarded the higher percentage feel. The court noted that neither Lombard & Silbert nor its successor made claim for any part of the fee. The record contains no evidence of a fee-splitting arrangement between Carimi and any or all of plaintiffs former counsel.
FIRST ASSIGNMENT OF ERROR: The trial court erred in failing to enforce the contingency fee contract provision that the legal fee would be equal to 35% of the total amount recovered.
This assignment of error is without merit. Carimi’s contention was disposed of by this Court in Tschirn v. Secor Bank, 96-1992 p. 7 (La.App. 4 Cir. 3/19/97), 691 So.2d 1290, 1294, writ denied, 97-1416 (La.9/19/97), 701 So.2d 172. There, we held:
On the subject of contingency fee agreements, the Rules of Professional Conduct provide in part as follows:
... a contingency fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to a lawyer in the event of a settlement trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingency is calculated. Rule 1.5(c)
... [W]e find that Rule 1.5 requires that a contingency fee agreement be in writing and must specify if the expenses are to be deducted before or after the fee is calculated. However, if the attorney and client enter into a binding oral contingency fee agreement, we hold that any ambiguity in the agreement shall be construed against the attorney in favor of the client[.]
*459 As the trial court noted, the Carimi contract is silent as to whether the “amount received” or “recovered” forming the fee base is net of expenses. In light of this patent ambiguity, we agree with the trial court that it would be inappropriate to accept the interpretation most favorable to the attorney who drafted the contract and most detrimental to the lay citizen who signed it.
SECOND ASSIGNMENT OF ERROR: The trial court erred in supplying the issue of ambiguity in the fee contract where Benton failed to raise the issue.
This assignment of error is without merit. None of the cases cited by Carimi justify his position. We do not find that Carimi was surprised by the court’s examination of the contract he drafted. The contract appears among the exhibits as “Carimi Law Firm Exhibit 1”. We must assume that, having drafted the document, |7and introduced it into evidence, he was aware of its contents. Plaintiff raised the issue of quantification of Carimi’s contractual fee. The trier of fact had the duty to interpret that contract by the standard rules of interpretation of contracts. The law regarding ambiguity is clearly a part of such a duty of interpretation. In this case, where the underlying lawsuit involved a claim for plaintiffs alleged serious head injury and its resultant affect on her ability to conduct business transactions, the trial court properly considered the disparity in contractual understanding and experience of the parties in making its determination.
THIRD ASSIGNMENT OF ERROR: The trial court erred in failing to apply the 40% fee agreement of the alleged Lombard and Silbert contract.
This assignment of error is without merit. Carimi relies on O’Rourke v. Cairns, 95-381 (La.App. 5 Cir. 11/28/95), 666 So.2d 345, unit granted, 95-3054 (La.3/14/96), 668 So.2d 1149, affirmed as amended, 95-3054 (La.11/25/96), 683 So.2d 697, where the our neighbor Circuit court held in a case involving the competing claims of two law firms who had represented plaintiff in her malpractice suit. In that case, the court reaffirmed the holding in Saucier v. Hayes Dairy Products, Inc., on rehearing, 373 So.2d 102 (La.1979), that under those circumstances, the amount of the fee is determined by the highest ethical contingency percentage to which the client contractually agreed in any of the contingency fee contracts which he executed. Applying this principle, had prior counsel intervened to obtain its 40% contingency fee, Carimi’s argument would have merit. Absent any appearance by prior counsel, or any suggestion of record that prior counsel has made a claim against the proceeds of the underlying lawsuit, we have no basis for imposition of the Saucier /O’Rourke rationale.
J^FOURTH ASSIGNMENT OF ERROR: The trial court erred in failing to award interest on the appellant’s unreimbursed litigation costs, where their interest expense has continued to accrue from 1 April 1998 through 31 December 1998 at the rate of 12% and from 1 January 1999 through the present at the rate of 8.5%.
Carimi cites no authority for his suggestion that interest on costs be reimbursed. Appellant having failed to brief this issue, it is deemed abandoned. Rule 2-12.4, Uniform Rules — Courts of Appeal.
CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellant.
AFFIRMED.

. During his Oral Argument before this Court, counsel for Ms. Benton questioned whether Carimi complied with this order and deposited the funds in the Court Registry. Counsel told this Court that the Civil District Court record shows only $50,000 was deposited. This issue was not raised below and there is no relevant evidence before this Court. Therefore, we will not consider this issue.